UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| SUSAN TINCHER, JOHN BIESTMAN, JANET LEE, LUCIA WEBB, ABDIKADIR NOOR, and ALAN CRENSHAW, *on behalf of themselves and other similarly situated individuals*,<br><br>    Plaintiffs,<br>v.<br><br>KRISTI NOEM, Secretary, U.S. Department of Homeland Security (DHS); TODD LYONS, Acting Director, U.S. Immigration and Customs Enforcement (ICE); MARCOS CHARLES, Acting Executive Associate Director, Enforcement and Removal Operations (ERO), ICE; DAVID EASTERWOOD, Acting Field Office Director, ERO, ICE Saint Paul Field Office; JOHN A. CONDON, Acting Executive Associate Director, Homeland Security Investigations (HSI); The Department of Homeland Security; Unidentified Federal Agencies; and Unidentified Federal Agents; *in their official capacities*,<br><br>    Defendants. | Case No. 25-cv-04669 KMM/DTS<br><br>**[PROPOSED] ORDER** |

This matter came before the Court on Plaintiffs' Motion for Temporary Restraining Order. Upon consideration of the parties' submissions and the entire record herein, **IT IS HEREBY ORDERED** that Plaintiffs Motion is **GRANTED**. The Court ORDERS as follows:

1.      Defendants, and their officers and agents, (hereinafter the "Federal Agents"), are temporarily enjoined in this judicial district from:

    a.      Dispersing, threatening, or assaulting any member of the class unless Defendants have probable cause to believe the individual has committed a crime unrelated to failing to obey a dispersal order;

    b.      Using crowd control weapons (including kinetic impact projectiles, chemical irritants, batons, and flash-bang grenades) on members of the class who are not themselves posing a threat of imminent harm to a law enforcement officer or another person;

    c.      Firing kinetic impact projectiles or flash-bang grenades at identified targets, if doing so could foreseeably result in injury to members of the class who are not posing a threat of imminent harm to a law enforcement officer or another person, unless such force is necessary to stop an immediate and serious threat of physical harm to a person;

    d.      Using any crowd control weapon without giving at least two separate warnings in a manner and at a sound level where it can be heard by the targeted individuals, unless the threat is so serious and imminent that a warning is infeasible. Such warnings shall explain that Defendants may employ crowd control weapons and must give the targeted individuals sufficient time to avoid the use of force;

    e.      Firing tear gas canisters or flash-bang grenades so as to strike any members of the class, or firing kinetic impact projectiles or other crowd

2

control weapons at the head, neck, groin, back, or other sensitive areas members of the class, unless that person poses an immediate threat of death or serious bodily injury;

      f.     Pointing firearms at members of the class who are not posing an immediate threat of death or serious bodily injury to another person;

      g.     Directing any member of the class to stop making any audio or visual recordings of federal law enforcement activity or agents;

      h.     Instructing any member of the class operating a motor vehicle lawfully on public roads that the class member must cease such lawful activity.

      i.     Seizing or arresting any members of the class who is not resisting a lawful crowd dispersal order, unless there is specific probable cause to believe that the individual has committed a crime for which a custodial arrest is warranted and for which the law enforcement officer has lawful authority to make an arrest.

      2.     It is further ORDERED that all Federal Agents, excepting those who do not wear a uniform or other distinguishing clothing or equipment in the regular performance of their official duties or are engaged in undercover operations in the regular performance of their official duties, must have visible identification of a unique, personally assigned, and recognizable alphanumeric identifier sequence affixed to their uniforms and conspicuously displayed in two separate places. The same unique and personally assigned identifier sequence must remain

conspicuously displayed in two separate places despite changes to a Federal Agent's uniform or tactical gear.

3.It is further ORDERED that all Federal Agents who are conducting immigration enforcement operations in the District of Minnesota, excepting those who do not wear a uniform or other distinguishing clothing or equipment in the regular performance of their official duties or are engaged in undercover operations in the regular performance of their official duties, that are currently equipped and trained with body-worn cameras ("BWCs") shall activate them when engaged in enforcement activity unless exempted by CBP, ICE, or DHS policy.

a.The definitions of "body worn cameras" shall be as defined in DHS Policy Statement: Body Worn Camera: Audio/video/digital recording equipment combined into a single unit and typically worn on clothing or otherwise secured to a person, e.g., affixed to the outside of the carrier/tactical vest facing forward. DHS Policy Statement 045-07 VIII.

b.For the purposes of this Order, the definition of "enforcement activity" shall be as defined in ICE directive 19010.3 (3.6)(8): All aspects of ICE Enforcement Activities, planned and orchestrated in advance, conducted by ICE LEOs with certain exceptions listed at 3.7. Such activities include but are not limited to:

i.At-large arrests, including searches incident to such arrests;

      ii. Brief investigatory detentions, including frisks conducted during brief investigatory detentions;

      iii. Executing, and attempting to execute, criminal and administrative arrest warrants and in-person issuance of subpoenas;

      iv. Executing and attempting to execute a search or seizure warrant or order;

      v. Execution of a Removal Order, to include aboard Special High-Risk Charter Flights and to conduct verification of Commercial Removal;

      vi. Deploying to protect Federal Government facilities;

      vii. Responding to public, unlawful/violent disturbances at ICE facilities;

      viii. Interactions with members of the public while conducting the above-listed activities in the field;

      ix. When responding to emergencies.

c. Enforcement activities where BWCs will not be worn or activated for the purposes of this Order are:

      i. Where agents are conducting undercover activity or confidential informants will or may be present;

      ii. Information-gathering surveillance activities where and when an enforcement activity is not planned;

5

    iii. Onboard commercial flights;

    iv. Controlled deliveries; and

    v. Custodial interviews conducted inside jails, prisons, detention centers, or ICE owned or leased facilities.

  d. This provision requiring BWCs shall not apply to Federal Agents operating at any port of entry into the United States including but not limited to Minneapolis-St. Paul International Airport.

  e. Defendants shall not be liable for violating this provision (i) for failure to record due to equipment failure or (ii) in the event that cloud storage for storing recordings made by BWCs should become unavailable either due to (a) the lapse in appropriations, (b) license or contract expiration, or (c) any other reason through no fault of Defendants.

4. It is further ORDERED that Federal Agents widely disseminate notice of this Order. Specifically, Defendants are ORDERED to provide copies of this Order, in either electronic or paper form, no later than 5 p.m. on _____ to all others described below:

  a. all law enforcement personnel, officers, and agents of the Federal Agents currently or subsequently deployed in the District of Minnesota, including but not limited to all personnel in Minnesota who are part of Operation Metro Surge or any equivalent operation by a different name; and

      b.    all employees, officers, and agents of Federal Agents with supervisory or management authority over any law enforcement officers or agents currently or subsequently deployed in the District of Minnesota, up the chain of command to and including the Secretary of Homeland Security and other named Defendants.

Dated: _____         _____

                                                      Judge Katherine M. Menendez
                                                    U.S. District Judge