UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| SUSAN TINCHER, JOHN BIESTMAN, JANET LEE, LUCIA WEBB, ABDIKADIR NOOR, and ALAN CRENSHAW, o*n behalf of themselves and other similarly situated individuals*, <br><br> Plaintiffs, <br> v. <br><br> KRISTI NOEM, Secretary, U.S. Department of Homeland Security (DHS); TODD LYONS, Acting Director, U.S. Immigration and Customs Enforcement (ICE); MARCOS CHARLES, Acting Executive Associate Director, Enforcement and Removal Operations (ERO), ICE; DAVID EASTERWOOD, Acting Field Office Director, ERO, ICE Saint Paul Field Office; JOHN A. CONDON, Acting Executive Associate Director, Homeland Security Investigations (HSI); The Department of Homeland Security; Unidentified Federal Agencies; and Unidentified Federal Agents; *in their official capacities*, <br><br> Defendants. | Case No. 25-cv-04669 KMM/DTS <br><br><br> **PLAINTIFFS' RESPONSE TO DEFENDANTS' OBJECTION TO DECLARATIONS** |

Plaintiffs respond to Defendants' objection (ECF 40) to Plaintiffs supplemental declarations filed today (ECF 33-37). The Court should overrule all of Defendants' objections because the declarations are helpful to the Court, were filed as soon as practicable, and Defendants have articulated no prejudice

whatsoever from their consideration at the forthcoming hearing on the motion for the preliminary injunction.

### A. The declarations are helpful to the Court.

The declarations are permissible and should be accepted as helpful to the Court on the forthcoming motion for preliminary injunction. The declarations fall squarely within the bounds of the record before the Court – to which Defendants are already responding. First, they address the same types of protected activity raised and discussed at length in the complaint and motion for preliminary injunction: rights of assembly, to protest, to access information about government activity, to record and disseminate videos. *Compare* ECF 18 at I.A.1 *with* ECF 33-37. Likewise, the retaliatory and unconstitutional conduct defendants have engaged in, as detailed in the supplemental declarations, are the same types of tactics detailed and discussed at length in the complaint and motion for preliminary injunction. *See, e.g.*, ECF 36 ¶ 7-10 (detailing an unconstitutional and unreasonable seizure and detention of an individual to make threats of arrest and prosecution);   ECF 35 ¶ 13 (same); ECF 33 ¶¶ 12, 16 (detailing officers using retaliatory force); ECF 37 ¶ 5 (detailing retaliatory use of pepper spray on individuals who "were just standing there, recording, chanting, shouting, and blowing whistles.")

The declarations are useful to disprove the Defendants' argument—already previewed during the prior scheduling conference—that there is no imminent need for judicial intervention or likelihood of the unconstitutional conduct reoccurring.

2

Multiple declarations detail unconstitutional conduct occurring after the submission of the motion for TRO, and after Defendants' successful effort to convert the TRO into a preliminary injunction motion. *See* ECF 33 (detailing an incident from December 29, 2025); ECF 35 (detailing an incident from December 20, 2025). Unless and until Defendants disclaim any argument that no injunction is proper because Plaintiffs and the Plaintiff Class do not face any imminent future risk of having their rights violated, declarations showing continued violations by Defendants will remain vital to the Court's consideration of these urgent issues.

B. Defendants have articulated no basis upon which to exclude consideration of the declarations.

Defendants do not articulate any basis upon which their opposition – which is not due for another five days – would need to be modified in light of these declarations detailing additional instances of their unconstitutional conduct. As discussed above, since both Plaintiffs' protected conduct and Defendants' unconstitutional actions fall into categories previously disclosed and briefed by Plaintiffs, there is no possible prejudice to Defendants from consideration of the declarations.

Rather than attempt to articulate any prejudice, Defendants instead claim the declarations are "belatedly-filed" and accuse Plaintiffs of "gamesmanship" and "sandbag[ing]." *See* ECF 40 at 2. Defendants' personal attacks are improper and wholly meritless. Far from withholding information, Plaintiffs have pushed to file the supplemental declarations as quickly as possible in between two holiday

3

weeks. The Plaintiff Class consists of individuals who volunteer their time and efforts to serve as watchdogs for governmental overreach. Plaintiffs' counsel has worked diligently and tirelessly throughout the holiday season to continue to document Defendants' abuses, working as quickly as possible to identify individual class members who have suffered retaliation at Defendants hands, and confirm their willingness to execute declarations.

It appears, at bottom, that Defendants are seeking to take advantage of the fact that they continue to violate individuals' rights (and that Plaintiffs have continue to document those abuses) as a justification to further delay this Court's adjudication of the preliminary injunction hearing. *See* ECF 40 at 2 (seeking further extension). In no event should the schedule be extended, as relief is needed now from Defendants' continued unconstitutional behavior.

Plaintiffs request that the Court overrule Defendants' objections in full with no modification of the existing schedule. Such action can be taken on the papers alone, but Plaintiffs will make themselves to the Court at any time, should the Court desire further argument.

Dated: December 31, 2025                     */s/ Kyle W. Wislocky*

Teresa Nelson (#269736)
Catherine Ahlin-Halverson (#350473)
Alicia Granse (#400771)
**AMERICAN CIVIL LIBERTIES UNION OF MINNESOTA**
P.O. Box 14720
Minneapolis, MN 55414
Tel: (651) 529-1692
tnelson@aclu-mn.org
cahlin@aclu-mn.org
agranse@aclu-mn.org

Kyle W. Wislocky (#393492)
Jacob F. Siegel (#399615)
**CIRESI CONLIN LLP**
225 S. 6th St., Suite 4600
Minneapolis, MN 55402
Tel: (612) 361-8233
kww@ciresiconlin.com
jfs@ciresiconlin.com

Robert J. Gilbertson (#22361X)
Caitlinrose H. Fisher (#398358)
Virginia R. McCalmont (#399496)
Jackson C. Evert (#402214)
Rebecca R. Rogers (#403827)
**FORSGREN FISHER MCCALMONT DEMAREA TYSVER LLP**
225 South Sixth Street
Suite 1500
Minneapolis, MN 55402
Tel: (612)-474-3310
bgilbertson@forsgrenfisher.com
cfisher@forsgrenfisher.com
vmccalmont@forsgrenfisher.com
jevert@forsgrenfisher.com
rrogers@forsgrenfisher.com

5

Kevin C. Riach (#389277)
**THE LAW OFFICE OF KEVIN C. RIACH**
125 Main St. SE, Suite 339
Minneapolis, MN 55414
(612) 203-8555
kevin@riachdefense.com

***ATTORNEYS FOR PLAINTIFF***