UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Susan Tincher, et al., *on behalf of themselves and other similarly situated individuals*, | No. 25-cv-4669 (KMM/DTS) |
| Plaintiffs, | |
| v. | **ORDER** |
| Kristi Noem, *Secretary, U.S. Department of Homeland Security (DHS);* et al.; *in their official capacities*; | |
| Defendants. | |

The City of Minneapolis, the City of Saint Paul, the Hennepin County Attorney's Office, and the State of Minnesota ("Moving Parties") seek leave to file a joint memorandum of amicus curiae in the above-entitled matter. (Dkt. 42.) There is no specific procedural rule governing the submission of amicus briefs in the federal district courts. However, district courts in this Circuit consider the decision whether to grant or deny leave to be within their broad discretion. *AbbVie Inc. v. Hilgers*, No. 4:25CV3089, 2025 WL 1939101, at *1 (D. Neb. July 14, 2025) ("Whether to allow amicus curiae to file a brief regarding a pending motion is within the broad discretion of the district court."); *Pavek v. Simon*, No. 19-cv-3000 (SRN/DTS), 2020 WL 1467008, at *2 (D. Minn. Mar. 26, 2020). And courts making that determination often look to the standards established by Federal Rule of Appellate Procedure 29. *United States ex rel. Johnson v. Golden Gate National Senior Care, LLC*, No. 08-CV-1194 (DWF/HB), 2016 WL

11031222, at *2 (D. Minn. June 1, 2016) (explaining that "district courts commonly refer to Rule 29 for guidance" (quoting *U.S. ex rel. Gudur v. Deloitte Consulting LLP*, 512 F. Supp. 2d 920, 927 (S.D. Tex. 2007)).

Under Federal Rule of Appellate Procedure 29, a court "may prohibit the filing of . . . an amicus brief that would result in a judge's disqualification." Fed. R. App. P. 29(a)(2). Therefore, the Court denies the Moving Parties' request for leave to file the joint amicus brief. *Cf. Ligon v. City of New York*, 736 F.3d 166, 169 n.5 (2d Cir. 2013) ("We do observe, however, that, pursuant to Local Rule 29.1(a), we 'ordinarily will deny leave to file an amicus brief when, by reason of a relationship between a judge assigned to hear the proceeding and the amicus curiae or its counsel, the filing of the brief might cause the recusal of the judge.'"). Denying the Moving Parties' request is preferable to allowing the filing of the brief, having the undersigned recuse herself from the litigation, and having this expedited and complex matter be reassigned shortly before the hearing. The Court will not consider the proposed brief and supporting declarations in any way.

For these reasons, the Moving Parties' motion for leave to file an amicus brief (Dkt. 42) is **DENIED**.

Date: January 2, 2026

                                              *s/Katherine Menendez*
                                              Katherine Menendez
                                              United States District Judge