

                                    **U.S. Department of Justice**
                                    Federal Programs Branch
                                    Civil Division
                                    *Washington, D.C. 20005*

---

January 9, 2026

Judge Katherine M. Menendez            ***VIA ECF***
U.S. District Court, District of Minnesota
300 South Fourth Street
Minneapolis, MN 55415

      Re:    *Tincher v. Noem*, Case No. 25-cv-4669 (KMM/DTS)

Dear Judge Menendez,

      I write on behalf of Defendants in response to Plaintiffs' letter request for leave to move for reconsideration of the Court's conversion of Plaintiffs' Motion for Temporary Restraining Order ("TRO") into a Motion for Preliminary Injunction ("PI"). *See* ECF No. 53.

      This Court converted Plaintiffs' TRO Motion into a PI Motion to allow the Court to consider the arguments and evidentiary submissions of all parties before ruling on Plaintiffs' extraordinary request for a preliminary order that would restrain all Department of Homeland Security (DHS) officers throughout Minnesota. The Court has now received from Plaintiffs a memorandum of 12,000 words, a reply memorandum of nearly 10,000 words, and more than 20 declarations, and from Defendants an opposition of nearly 16,000 words, a supporting declaration, and a supplemental brief. The Court initially scheduled argument for January 8, and rescheduled it for January 13. There is no reason to reconsider the Court's sensible decision to convert the TRO Motion into a PI Motion. Instead, after the hearing, the Court should promptly rule on the pending and fully briefed PI Motion, which any dissatisfied party would be able to appeal.

      "Motions to reconsider are expressly disfavored by the Court," *United States v. Thornton*, No. 13-MC-86 SRN/TNL, 2014 WL 4416002, at *1 (D. Minn. Aug. 28, 2014), and cannot be filed unless the movant "show[s] compelling circumstances," LR 7.1(j). Plaintiffs argue that changed circumstances justify reconsideration, but all they show is that DHS continues to have a substantial presence in the Minneapolis area, and there have been additional alleged incidents that do not involve harm to any Plaintiff. *See* ECF No. 53-2 ("2nd Crenshaw Decl."); ECF No. 53-3 ("2nd Smith Decl.").

      Plaintiffs' new declarations present no allegation that *a Plaintiff* has suffered additional harm. Indeed, Plaintiffs' new declarations underscore that federal law enforcement officers are encountering violent, obstructive, and impeding behavior, and that a broad injunction restraining DHS officers throughout Minnesota would threaten officer safety and impede lawful enforcement activity. As Plaintiff Alan Crenshaw describes, when he arrived on the scene, a large crowd with "[s]everal cars . . . in the middle of the road" caused a "traffic jam" where federal officers were trying to effectuate an arrest. 2nd Crenshaw Decl. ¶ 3. Some crowd members were "standing in

the crosswalk" (i.e., blocking a roadway), and disobeyed orders "to move." *Id.* ¶ 5. Only after that did officers allegedly use non-lethal force to move them "over to the side of the road." *Id.* ¶ 5. Crenshaw then witnessed an apparent attempt to assault officers, *id.* ¶ 7 ("I saw some snow fly through the air"), which prompted an officer to deploy a chemical irritant to disperse the crowd, *id.* ¶ 7. Crenshaw does not allege that he was harmed, just that he "could taste the spray in the air." *Id.* As explained in Defendants' Opposition, ECF No. 46, at 28-30, deployment of such "crowd-control mechanism[s]" is not retaliation against protected speech. *Aldridge v. City of St. Louis*, 75 F.4th 895, 900 (8th Cir. 2023). Nor is it a Fourth Amendment seizure. *Puente v. City of Phoenix*, 123 F.4th 1035, 1052 (9th Cir. 2024). Rather, it is "a reasonable response" to an obstructive, violent, and unruly crowd. *Laney v. City of St. Louis*, 56 F.4th 1153, 1156 (8th Cir. 2023); *see also* ECF No. 46, at 38-40.

Non-party Claire Smith details more incidents of non-party drivers stalking ICE vehicles, including a driver honking and following so closely that when an ICE vehicle stopped, the driver created a safety hazard by "stop[ping] while in the intersection." 2nd Smith Decl. ¶ 5. Such conduct creates danger on the roadways and threatens to impede law enforcement operations, including by summoning large crowds to the site of immigration enforcement operations, where (as the new incident related by Crenshaw illustrates) the crowds often turn obstructive and violent. *See* ECF No. 46, at 25-28. Tailing a law enforcement vehicle is not protected First Amendment activity, *see Molina v. City of St. Louis*, 59 F.4th 334, 340 (8th Cir. 2023), and officers' measured response of stopping drivers, briefly admonishing them, and letting them go is reasonable.

Plaintiffs' request for a TRO when the Court has before it a fully briefed PI Motion raises the concern that Plaintiffs may be seeking to evade immediate appellate review of preliminary relief, where two circuits have stayed similar preliminary injunctions, one in whole and one in substantial part. *See Chicago Headline Club v. Noem*, No. 25-3023, Dkt. No. 28 (7th Cir. Nov. 19, 2025); *Los Angeles Press Club v. Noem*, No. 25-5975 (9th Cir. Dec. 18, 2025). A decision to grant or deny a PI is immediately appealable. 28 U.S.C. § 1292(a)(1). Although "the Courts of Appeals generally lack appellate jurisdiction over appeals from TROs," an appellate court should "constru[e]" an order labeled as a TRO "as an appealable preliminary injunction," where it "carries many of the hallmarks of a preliminary injunction." *Dep't of Educ. v. California*, 605 U.S. 650, 651 (2025). Plaintiffs seek an order broadly restraining DHS officers throughout Minnesota, not limited in time, after the Court already converted the TRO Motion into a PI Motion and heard full PI briefing. Such an order would "carr[y] many of the hallmarks of a preliminary injunction." *Id.* at 651. But to dispel any doubt about the availability of appellate review, the Court should label its order as a ruling on a PI Motion rather than a TRO Motion. Furthermore, a ruling on a re-converted TRO Motion is unnecessary because the Court can promptly rule on the PI Motion after the oral argument hearing, which the Court has rescheduled for January 13.

Sincerely,

*/s/ Jeremy S.B. Newman*

Jeremy S.B. Newman

*Counsel for Defendants*