Ciresi Conlin LLP

Kyle W. Wislocky
Partner

E: KWW@CiresiConlin.com
P: 612-361-8233

225 South 6th St.
Suite 4000
Minneapolis, MN 55402
612-361-8200
CiresiConlin.com

**VIA ECF**
January 13, 2026

The Honorable Judge Katherine Menendez
United States Courthouse
300 South 4th Street
Chambers 14W
Minneapolis, MN 55415

Re:   *Tincher v. Noem*, Case No.: 25-cv-04669-KMM-DTS

Dear Judge Menendez,

We write on behalf of Plaintiffs in response to the Court's request for letter briefing on the Court's authority to order the parties to submit any videos the parties have in their possession of incidents involving the named Plaintiffs. The Court has such authority, and Plaintiffs are prepared to submit all such videos in their possession tomorrow.

The recent district court decision in *E.K. by & through Keeley v. Dep't of Def. Educ. Activity*, 793 F. Supp. 3d 744 (E.D. Va. 2025), considers this precise issue. In *E.K.*, the plaintiffs sought a preliminary injunction to prevent the enforcement of a book ban in Department of Defense schools. *Id.* at 749. After the hearing on the preliminary injunction, the court ordered the Government to provide the court with the complete list of books subject to the ban. *Id.* The Government moved for reconsideration, arguing that the court could not "enlarge the factual record" by considering the list of books at the preliminary injunction phase. *Id.* at 753. The court rejected this argument, explaining that the list of removed books was plainly "germane" to the resolution of the preliminary injunction motion and that it had not been presented with "a single source of authority barring the court from ordering the submission of additional evidence to resolve a motion for preliminary injunction." *Id.* Here, too, any videos of the incidents involving the named Plaintiffs that are in the Government's possession are plainly "germane" to the Court's resolution of Plaintiffs' preliminary injunction motion. If the Court believes that video recordings of the incidents at issue would aid its consideration of Plaintiffs' motion, the Court has discretion to order the parties to submit those recordings.

The Honorable Judge Katherine Menendez
January 13, 2026
Page 2

Reaching this conclusion fully accords with district courts' broad discretion to exercise their inherent authority to manage pending litigation. *See In re Zurn Pex Plumbing Prods. Litig.*, 644 F.3d 604, 616 (8th Cir. 2011); *see also Mehner v. Furniture Design Studios, Inc.*, 143 F.4th 941, 951–52 (8th Cir. 2025) (explaining rulings on procedural issues such as reopening discovery are reviewed for abuse of discretion). Likewise, district courts have broad discretion when ruling on preliminary injunctions. *Coca-Cola Co. v. Purdy*, 382 F.3d 774, 782 (8th Cir. 2004). This includes discretion to determine the manner and form for receiving evidence related to a motion for a preliminary injunction. For instance, district courts have broad discretion to determine whether to order an evidentiary hearing prior to granting preliminary injunctive relief, *United Healthcare Ins. Co. v. AdvancePCS*, 316 F.3d 737, 744 (8th Cir. 2002), as well as whether to accept additional evidence after the close of an evidentiary hearing, *Trial Lawyers Coll. v. Gerry Spence Trial Lawyers Coll. at Thunderhead Ranch*, 23 F.4th 1262, 1274 (10th Cir. 2022).

As it is within the Court's authority to order submission of the videos in question, Plaintiffs respectfully request that the Court order their submission by tomorrow.

Respectfully submitted,

Kyle W. Wislocky

Cc:   All Parties of Record, via ECF