UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| SUSAN TINCHER, JOHN BIESTMAN, JANET LEE, LUCIA WEBB, ABDIKADIR NOOR, and ALAN CRENSHAW, *on behalf of themselves and other similarly situated individuals*,<br><br>Plaintiffs,<br><br>v.<br><br>KRISTI NOEM, Secretary, U.S. Department of Homeland Security (DHS); TODD LYONS, Acting Director, U.S. Immigration and Customs Enforcement (ICE); MARCOS CHARLES, Acting Executive Associate Director, Enforcement and Removal Operations (ERO), ICE; DAVID EASTERWOOD, Acting Field Office Director, ERO, ICE Saint Paul Field Office; JOHN A. CONDON, Acting Executive Associate Director, Homeland Security Investigations (HSI); The Department of Homeland Security; Unidentified Federal Agencies; and Unidentified Federal Agents; *in their official capacities*,<br><br>Defendants. | Case No. 25-cv-04669<br><br>**NOTICE OF VIOLATION OF PRELIMINARY INJUNCTION** |

Plaintiff Lucia Webb, through her undersigned attorneys, respectfully requests that the Court take notice of Defendants' violation of this Court's preliminary

injunction order (Doc. 85), which Plaintiff Webb experienced on January 21, 2026. A second sworn declaration from Plaintiff Webb in support of this notice is being submitted contemporaneously with this filing. *See* Preliminary Injunction Hr'g Tr. (Doc. 81) at 87:5–13 (this Court granting Plaintiffs permission to file additional declarations).

On January 16, 2026, this Court entered an Order and Judgment enjoining "Defendants and their officers and agents responding to protests that arise in response to Operation Metro Surge" (collectively, "Covered Federal Agents") from engaging in certain documented behavior that violates the First and Fourth Amendment rights of peaceful observers and protesters of Defendants' immigration enforcement activities in Minnesota. (Doc. 85) at 81–82. Relevantly for purposes of this notice of violation, the Court specifically enjoined Covered Federal Agents from

> [s]topping or detaining drivers and passengers in vehicles where there is no reasonable articulable suspicion that they are forcibly obstructing or interfering with Covered Federal Agents, or otherwise violating 18 U.S.C. § 111. The act of safely following Covered Federal Agents at an appropriate distance does not, by itself, create reasonable suspicion to justify a vehicle stop.

*Id.* at 82. This Court further directed Defendants to "widely disseminate notice of this Order to all Covered Federal Agents" and to complete this distribution "within 72 hours." *Id.* The 72-hour window to provide a copy of this Court's injunction order to all Covered Federal Agents closed at 6:45 pm CST on Monday, January 20, 2026.

The morning of Tuesday, January 21, 2026, Plaintiff Webb was engaging in peaceful observation and monitoring of ICE activity in south Minneapolis. (*See* Second Webb Decl. ¶¶ 2–4.) Plaintiff Webb was a passenger in a vehicle driven by a friend. (*See id.* ¶ 3.) Plaintiff Webb and her friend identified an SUV being driven by ICE officers and began following it. (*See id.* ¶ 8.) At all times, the driver of the vehicle transporting Plaintiff Webb drove carefully and in compliance with all traffic laws. (*See id.* ¶ 9.) Plaintiff Webb and her friend maintained a safe distance from the vehicle being driven by ICE officers and did not take any actions to interfere with or obstruct ICE agents' immigration enforcement activities. (*See id.*)

At approximately 10:53 am CST, the SUV that Plaintiff Webb was following abruptly stopped and a group of federal agents got out and approached the vehicle in which Plaintiff Webb was riding. (*See id.* ¶¶ 10–11.) Plaintiff Webb used her phone to record the encounter. (*See id.* ¶ 12.) A true and correct copy of the video taken by Plaintiff Webb is being submitted as Exhibit A to her second declaration. The agents stopped and surrounded the vehicle, thereby effecting a Fourth Amendment seizure of Plaintiff Webb. *See* Order (Doc. 85) at 45 (noting that "[t]here is no dispute" that Plaintiffs who were stopped by federal law enforcement agents that they were following "were seized under the Fourth Amendment" and citing *United States v. Martinez*, 358 F.3d 1005, 1009 (8th Cir. 2004)). In the video, one of the agents can be heard telling Plaintiff Webb that this is her "first warning" and that "next time"

3

she will be "arrested for impeding." (*See* Second Webb Decl. Ex. A at 00:12–13, 00:25–26.) The agent cited 18 U.S.C. § 111 and told Plaintiff Webb to "learn it." (*Id.* at 00:17–21.) The agents then returned to their vehicle and drove away. (*See* Second Webb Decl. ¶ 17.) After being threatened with arrest, Plaintiff Webb and her friend were too scared to continue following and observing the group of federal agents that had just stopped them. (*See id.* ¶¶ 18–20.) Although she remains fearful, Plaintiff Webb intends to continue peacefully monitoring and observing federal agents for as long as Operation Metro Surge continues. (*See id.* ¶ 20.)

Plaintiff Webb's seizure by federal agents when she was safely following them at an appropriate distance and not otherwise "forcibly obstructing or interfering with" their operations was a clear violation of this Court's injunction. Order (Doc. 85) at 82. Moreover, a federal agent's statement that Plaintiff Webb's peaceful monitoring violates 18 U.S.C. § 111 is directly contrary to this Court's holding that following federal agents at an appropriate speed and distance does not provide "support for reasonable suspicion of a violation of § 111." *Id.* at 67. And because the seizure of Plaintiff Webb occurred at 10:53 am CST on January 21, 2026, Defendants' violation of this Court's injunction occurred ***after*** the expiration of the 72-hour window for Defendants to provide all Covered Federal Agents with a copy of the injunction, and ***before*** the Eighth Circuit administratively stayed the injunction (which happened at 12:55 pm CST on January 21, 2026). In other words,

4

Defendants' violation of this Court's injunction happened at a time when the injunction was in effect and when the agents who violated Plaintiff Webb's constitutional rights should have been aware that their conduct was illegal.

Finally, the fact that Defendants' violation of this Court's injunction involved Plaintiff Webb is significant for two separate reasons. *First*, the fact that Plaintiff Webb was unlawfully seized a second time while peacefully monitoring and observing ICE activities negates any argument that the risk of future harm to Plaintiffs is speculative. *See, e.g.*, Defs.' Opp. to Pls.' Mot. for Prelim. Inj. (Doc. 46) at 51-52 ("The named Plaintiffs offer only speculation that they will have another encounter with DHS law enforcement officials that will result in an alleged violation of their First or Fourth Amendment rights."). *Second*, the fact that the agent who engaged with Plaintiff Webb did not recognize her and instead thought that he was giving Plaintiff Webb her "first warning" underscores that Defendants would not be able to comply with an injunction that prohibited them from violating the rights of only the named Plaintiffs in this lawsuit. (*See* Second Webb Decl. Ex. A at 00:12–13.) An injunction applicable to the putative class as a whole is not only an available form of relief (as this Court appropriately held, *see* Order (Doc. 85) at 73–77), it is necessary to provide complete relief to the named Plaintiffs, *see Trump v. CASA*, 606 U.S. 831, 850–51 (2025).

Dated: January 22, 2026                    */s/ Virginia McCalmont*

| | |
|---|---|
| **AMERICAN CIVIL LIBERTIES UNION OF MINNESOTA**<br>Teresa Nelson (#269736)<br>Catherine Ahlin-Halverson (#350473)<br>Alicia Granse (#400771)<br>P.O. Box 14720<br>Minneapolis, MN 55414<br>(651) 529-1692<br>tnelson@aclu-mn.org<br>cahlin@aclu-mn.org<br>agranse@aclu-mn.org<br><br>**THE LAW OFFICE OF KEVIN C. RIACH**<br>Kevin C. Riach (#389277)<br>125 Main St. SE, Suite 339<br>Minneapolis, MN 55414<br>(612) 203-8555<br>kevin@riachdefense.com | **CIRESI CONLIN LLP**<br>Kyle W. Wislocky (#393492)<br>Jacob F. Siegel (#399615)<br>225 S. 6th St., Suite 4600<br>Minneapolis, MN 55402<br>(612) 361-8233<br>kww@ciresiconlin.com<br>jfs@ciresiconlin.com<br><br>**FORSGREN FISHER McCALMONT DeMAREA TYSVER LLP**<br>Robert J. Gilbertson (#22361X)<br>Caitlinrose H. Fisher (#398358)<br>Virginia R. McCalmont (#399496)<br>Jackson C. Evert (#402214)<br>Rebecca R. Rogers (#403827)<br>1500 Capella Tower<br>225 South Sixth Street<br>Minneapolis, MN 55402<br>Telephone: (612) 474-3300<br>bgilbertson@forsgrenfisher.com<br>cfisher@forsgrenfisher.com<br>vmccalmont@forsgrenfisher.com<br>jevert@forsgrenfisher.com<br>rrogers@forsgrenfisher.com<br><br>*Attorneys for Plaintiffs and the Proposed Class* |