UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Susan Tincher, John Biestman, Janet Lee, Lucia Webb, Abdikadir Noor, and Alan Crenshaw, *on behalf of themselves and other similarly situated individuals*,<br><br>Plaintiffs,<br><br>v.<br><br>Kristi Noem, Secretary of U.S. Department Of Homeland Security; Todd Lyons, Acting Director, U.S. Immigration And Customs Enforcement (ICE); Marcos Charles, Acting Executive Associate Director, Enforcement And Removal Operations (ERO), ICE; David Easterwood, Acting Field Office Director, ERO, ICE Saint Paul Field Office; John A. Condon, Acting Executive Associate Director, Homeland Security Investigations; the Department of Homeland Security; Unidentified Federal Agencies; and Unidentified Federal Agents; *in their official capacities*,<br><br>Defendants. | Case No. 25-cv-4669 (KMM/DTS)<br><br>**ORDER** |

Plaintiffs move to seal declarations of two non-party witnesses filed in connection with Plaintiffs' Motion for Temporary Restraining Order. Dkt. No. 114. The declarants describe federal law enforcement shooting and killing Alex Pretti (including events shortly before and after the shooting). *See* Dkt. Nos. 107, 109. According to Plaintiffs, "[t]he declarations in this case contain sensitive identifying and personal information that, if disclosed publicly, would expose the witnesses to a substantial risk of harassment and retaliation." Pls.' Br. 2, Dkt. No. 115. The Court agrees.

The public has a "common-law right of access to judicial records" in civil proceedings. *IDT Corp. v. eBay,* 709 F.3d 1220, 1222 (8th Cir. 2013). This right of access provides "a measure of accountability to the public at large, which pays for the courts," and "bolsters public confidence in the judicial system by allowing citizens to evaluate the reasonableness and fairness of judicial proceedings." *Id.* But this right "is not absolute." *Id.* (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). Courts may seal or redact records when "there [are] sufficient grounds to override the common-law right of access." *Id.* at 1223. To determine whether sealing is warranted, "the court must consider the degree to which sealing a judicial record would interfere with the interests served by the common-law right of access and balance that interference against the salutary interests served by maintaining confidentiality of the information sought to be sealed." *Id.*

On balance, the declarants' privacy interests prevail here. To start, Plaintiffs have filed redacted versions of the declarations. *See* Dkt. Nos. 107, 109. Those versions redact only the declarants' names along with limited further details which could be used to identify them. Because the redactions are minimal, and the Court has no reason to believe the declarants' names and personal identifying information will be important to this case, keeping the unredacted declarations sealed will not meaningfully prevent the public from evaluating this judicial proceeding. *See In re Bair Hugger Forced Air Warming Devices Prods. Liab. Litig.*, 9 F.4th 768, 792 (8th Cir. 2021) (concluding that the public interest in accessing judicial records was low when the sealed information played a negligible role in the district court's analysis).

The public's limited interest in accessing the sealed declarations is outweighed by the declarants' privacy interests. *See United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995) (weighing heavily the privacy interests of innocent nonparties). Operation Metro Surge has become a flash point for supporters and detractors of the administration's immigration policies. Within this already heated landscape, Alex Pretti's death has been a matter of sharp, partisan debate. *See, e.g.*, Cheyanne Daniels and Jacob Wendler, *A battle over the truth erupts after deadly Minneapolis shooting*, Politico (Jan. 25, 2026) https://www.politico.com/news/2026/01/25/democrats-trump-administration-dueling-accounts-minneapolis-shooting-00745811 ("Trump administration and Minnesota officials are locked in a heated dispute over what exactly transpired and who's to blame for the death of 37-year-old Alex Pretti. And they don't just disagree in their interpretation of the events — they fundamentally differ on what exactly took place and what triggered it."). Moreover, the at-issue declarations have made national and international headlines. *See, e.g.*, Robert Mackey, *Alex Pretti did not brandish gun, witnesses say in sworn testimony*, The Guardian (Jan. 24, 2026) https://perma.cc/E3PU-RW8J. Given these extraordinary circumstances, the Court is persuaded, as Plaintiffs' argue, that there is a meaningful risk of the declarants being doxed and harassed if the declarations are unsealed.[1] *See* Pls.' Br. 4–6 (collecting citations supporting the risk of harassment and doxing); *see also Cancino Castellar v. Mayorkas*, No. 17-cv-00491, 2021 WL 3678440, at *4 (S.D. Cal. Aug. 19, 2021) (weighing the concern of doxing when deciding a motion to seal). The Court further agrees that unsealing the declarations may chill prospective

---

[1] "Dox" is defined as "to publicly identify or publish private information about (someone) esp. as a form of punishment or revenge." *Dox*, Merriam-Webster's Collegiate Dictionary (12th ed. 2026).

3

nonparty declarants from participating in this case. Therefore, the Court grants the motion to seal.[2]

The parties are reminded that the information—the declarants' names and other personal identifying information—will remain under seal. Accordingly, the sealed information must not be disclosed or relied upon except to prosecute this case. After all, publicly disclosing the declarants' names and personal identifying information would render this Order moot. If a declarant decides to no longer remain anonymous, Plaintiffs must promptly move to unseal the respective declaration.

Plaintiffs also request "that the Court allow the parties to temporarily seal all personally identifying information in all future nonparty declarations, subject to the filing of a joint motion for continued sealing within 21 days[.]" Pl.'s Br. 10. That is the ordinary procedure set forth in this District's local rules. *See* D. Minn. LR 5.6(d). Perhaps there is some ambiguity whether the at-issue declarations were filed "in Connection with LR 7.1." To resolve any ambiguity, the Court will treat any future declarations filed under seal as subject to D. Minn. LR 5.6(d) with one clarification: the parties must file a joint motion for continued sealing within 21 days of filing the sealed document (not within 21 days after the filing of the final memorandum authorized by D. Minn. LR 7.1). The Court will continue to decide whether sealing remains appropriate on a document-by-document basis.

---

[2] Because these considerations are sufficient to keep the declarations sealed, the Court need not reach Plaintiffs' remaining argument. *See* Pls.' Br. 6 (arguing that there is a risk of retaliation by the administration).

**ORDER**

For the reasons set forth above, **IT IS HEREBY ORDERED**:

1. Plaintiffs' Amended Motion to Seal Declarations (Dkt. No. 114) is **GRANTED**; and

2. The Clerk is directed to keep **sealed** the following documents: Dkt. Nos. 106, 108.

Dated: January 29, 2026
                                                    s/ David T. Schultz
                                                    DAVID T. SCHULTZ
                                                    United States Magistrate Judge