UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

___

| | |
|---|---|
| SUSAN TINCHER, JOHN BIESTMAN, JANET LEE, LUCIA WEBB, ABDIKADIR NOOR, and ALAN CRENSHW, *on behalf of themselves and Other similarly situated individuals,*<br><br>        Plaintiffs,<br><br>v.<br><br>KRISTI NOEM, Secretary, U.S. Department of Homeland Security (DHS); TODD LYONS, Acting Director, U.S. Immigration and Customs Enforcement (ICE); MARCOS CHARLES, Acting Executive Associate Director, Enforcement and Removal Operations (ERO), ICE; DAVID EASTERWOOD, Acting Field Office Director, ERO, ICE Saint Paul Field Office; JOHN A. CONDON, Acting Executive Associate Director, Homeland Security Investigations (HSI); The Department of Homeland Security; Unidentified Federal Agencies; and Unidentified Federal Agents; *in their official capacities,*<br><br>        Defendants. | Case No. 25-cv-04669<br><br><br><br><br><br><br><br>**DECLARATION OF<br>AGENT F304** |

___

I, Agent F304, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I am employed as a Border Patrol Agent (BPA), Rio Grande Valley Sector (RGV), U.S. Border Patrol (USBP), U.S. Customs and Border Protection (CBP), U.S. Department of Homeland Security (DHS).

2. I graduated from BPA Basic Training at the USBP Academy in Artesia, New Mexico, in May 2019. Basic Training consists of six months of extensive operational and tactical training and includes 110 hours of legal training presented by attorneys employed by CBP's Office of Chief Counsel.

3. On January 17, 2026, I deployed to Operation Metro Surge, in Minneapolis, Minnesota.

4. On January 19, 2026, I received notice and information in writing regarding the Preliminary Injunction issued on January 16, 2026, in *Tincher v. Noem* and I read the requirements of the Preliminary Injunction on that same date.

5. On January 21, 2026, I was conducting targeted immigration operations in a team of four agents, including myself, in an unmarked rental vehicle. I was dressed in plain clothes and my ballistic body armor with my badge attached, and with agency insignia and clear police markings on the front and back. At approximately 11:10 A.M., near the vicinity of Bancroft, Minnesota, I noticed a grey Honda, occupied by two individuals, that was following our vehicle and honking its horn persistently. This honking impaired our ability to conduct our operations as it required us to divert our attention from our law enforcement duties and delayed our progress.

6. From approximately 11:10 A.M. to approximately 11:40 A.M., the grey Honda followed our vehicle. We safely drove in a circuitous, nonsensical route, making frequent right turns, but the grey Honda continued to follow us. For the approximately 30 minutes that the grey Honda was following our vehicle, the driver was honking their horn, which created a loud, consistent commotion around our vehicle, drawing attention to our movements.

7. At approximately 11:40 A.M., while on 13th Avenue and turning onto E 43rd Street, the agent driving brought our vehicle to a stop, on the right side of the street, with the left side of the street unobstructed. The grey Honda voluntarily stopped behind our vehicle, even though the driver could have proceeded unobstructed around our stationary vehicle, as there was enough room for the Honda to safely move around our vehicle. We did not activate any lights or sirens in the vehicle and did not give any other indication that the grey Honda was required to pull over. After our vehicle was stopped for about fifteen seconds, Agent M70, Agent P326, and I exited our vehicle and approached the grey Honda that had stopped behind us, in an attempt to engage the Honda's occupants in conversation.

8. Agent M70 approached the driver's window. I stood to the right of Agent M70, near the rear passenger door. Agent P326 stood on the right side of the vehicle, by the passenger-side, front door. Agent M70 leaned towards the rolled-up driver's window, and said:

   > Hello, I'm glad that you guys are recording. This is the first warning. Next time, I'm going to pull you out for impeding, 18 U.S.C. § 111. If you want to learn it, learn it. If not, I'm going to tell you one more time. If you follow me, I'm going to arrest you for impeding.

9. Agent M70 was the only agent who said anything to the occupants of the grey Honda. Agent P326 and I did not speak. Immediately after issuing the warning, Agent M70 began walking back to our vehicle, and Agent P326 and I followed. The entire exchange was about 20 seconds. While walking back to our vehicle, a woman on the sidewalk was shouting expletives at us and using offensive language.

10. Once we were back in our vehicle, we drove away from the grey Honda and observed that the grey Honda had stopped following us. We proceeded to conduct our enforcement operations without further incident.

11. My CBP-issued body-worn camera captured this incident in a video titled "Axon Body 4 Video 2026-01-21 1153 D01A2032W." That video is attached is attached as Exhibit A to this declaration.

Executed this 5th day of February 2026, at Minneapolis, Minnesota

_F304_