

**U.S. Department of Justice**
Federal Programs Branch
Civil Division
*Washington, D.C. 20005*

---

February 9, 2026

Judge Katherine M. Menendez            ***VIA ECF***
U.S. District Court, District of Minnesota
300 South Fourth Street
Minneapolis, MN 55415

      Re:    *Tincher v. Noem*, Case No. 25-cv-4669 (KMM/DTS)

Dear Judge Menendez,

      Pursuant to this Court's order, Minute Order (Feb. 2, 2026), Defendants hereby submit this letter with Defendants' proposal for next steps in this case. Undersigned counsel met and conferred with Plaintiffs' counsel Virginia McCalmont by telephone on February 5, 2026, and further conferred by email on February 6, 2026. However, the parties were unable to agree on a proposal, and so each side is submitting a separate proposal.

      Defendants propose that the Court stay further proceedings in this case until the Eighth Circuit resolves Defendants' pending appeal of the Court's preliminary injunction. Following issuance of the Eighth Circuit's decision, Defendants propose that the Court set a briefing schedule for Defendants' motion to dismiss the operative complaint. In no event should discovery in this case begin until after the Eighth Circuit issues a ruling in the expedited interlocutory appeal of this Court's preliminary injunction and after this Court rules on Defendants' forthcoming motion to dismiss the operative complaint. *See* Order, *Tincher v. Noem*, No. 26-1105 (8th Cir. Jan. 27, 2026) (setting expedited briefing deadlines of February 6, 2026 for appellants' brief, February 17, 2026, for appellee's brief, and February 24, 2026 for the reply brief).

      Defendants intend to move to dismiss the operative complaint for lack of subject-matter jurisdiction and failure to state a claim. During the meet and confer call, Plaintiffs' counsel indicated that Plaintiffs intend to file a First Amended Complaint this week. If Plaintiffs do so, then Defendants' deadline to move to dismiss the First Amended Complaint will be 14 days after it is filed. *See* Fed. R. Civ. P. 15(a)(3). Otherwise, Defendants' deadline to respond to the original Complaint would have been February 17, 2026. *See* Declaration of Kevin C. Riach ¶ 2, ECF No. 20 (service on U.S. Attorney's Office occurred on December 18, 2025); Fed. R. Civ. P. 12(a)(2); Fed. R. Civ. P. 6(a)(1)(C).[1]

---

[1] Given Plaintiffs' counsel's representation that Plaintiffs intend to amend the Complaint imminently, at a minimum, the Court should stay Defendants' deadline to respond to the Complaint pending the anticipated filing of the First Amended Complaint.

In reviewing the Court's Preliminary Injunction opinion, the Eighth Circuit will have to evaluate the central standing and merits questions presented in Plaintiffs' complaint. Rather than have the parties and the Court expend time and resources briefing and considering the same legal issues in a motion to dismiss that will soon be determined by the Eighth Circuit, the more prudent and efficient course is to await final resolution of the appeal before proceeding to any such briefing, if necessary. The Eighth Circuit's decision will no doubt have significant, if not dispositive, impact on the resolution of this case on the merits. Indeed, even the Eighth Circuit's stay opinion, while brief, provided helpful guidance by explaining that Plaintiffs' putative class "has *no* chance of getting certified." *Tincher v. Noem*, --- F.4th ---, 2026 WL 194768, at *1 (8th Cir. Jan. 26, 2026). Conducting further proceedings in this Court while the same issues are under consideration on appeal would, in essence, result in parallel proceedings on the same issues, resulting in an unnecessary expenditure of party and judicial resources. Proceeding with briefing on a motion to dismiss at this time would likely require the parties and the Court to re-brief and re-decide the matter following the Eighth Circuit's decision. Conversely, a limited stay until the Eighth Circuit resolves the pending appeal would save both this Court's time and that of all parties involved, leading to a more efficient resolution of this case. *See* Fed. R. Civ. P. 1. After the Eighth Circuit rules, the Court should then set a briefing schedule for Defendants' motion to dismiss.

Courts in this District and elsewhere regularly stay cases pending the resolution of interlocutory appeals of preliminary injunctions, or appeals in related cases that may shed light on the legal issues in a case. For example, in *Minn. Voters Alliance v. Walz*, 494 F. Supp. 3d 610 (D. Minn. 2020), the Court stayed proceedings pending appeal of a preliminary injunction because, among other things, the appeal was "likely to resolve some of the legal issues in dispute," *id.* at 611.[2] Here, it is sensible to wait for the Eighth Circuit's ruling on the expedited preliminary injunction appeal before proceeding further in this case. With briefing scheduled to conclude on February 24, 2026, a stay is likely to be of short duration and will not prejudice Plaintiffs.

Discovery should await the Court's ruling on the motion to dismiss because that ruling could narrow or end the case, and will inform the appropriate scope of discovery. "A stay of discovery pending the determination of a dispositive motion 'is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.'" *Chavous v. D.C. Fin. Resp. & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001) (quoting *Coastal States Gas Corp. v. Dep't of Energy*, 84 F.R.D. 278, 282 (D. Del. 1979)). At a minimum, even if the Court does not stay this case pending the resolution of the interlocutory appeal, the Court should at least condition discovery to occur only after the resolution of the motion to dismiss.

If the Court disagrees with Defendants' position and allows discovery to begin, such discovery should be circumscribed and focused on the claims of the named Plaintiffs. Defendants understand that Plaintiffs intend to request expedited discovery related to class certification. Such

---

[2] *See also*, *e.g.*, *Fowler-Bey v. Johnson*, 2018 WL 11476084, at *1-2 (D. Md. Nov. 30, 2018); *Dawoudi v. Nationstar Mortg., LLC*, 2016 WL 8711604, at *2 (N.D. Ill. Sept. 16, 2016); *Sikhs for Justice v. Nath*, 893 F. Supp. 2d 598, 622 (S.D.N.Y. 2012); *Carroll v. Wilson McColl & Rasmussen, Att'ys at L.*, 2009 WL 315610, at *2 (D. Idaho Feb. 9, 2009); *Beltronics USA, Inc. v. Midwest Inventory Distrib., LLC*, 545 F. Supp. 2d 1188, 1190 (D. Kan. 2008); *Bray v. QFA Royalties, LLC*, 2007 WL 2688858, at *1 (D. Colo. Sept. 12, 2007).

discovery would be particularly unwarranted in light of the Eighth Circuit's admonition that Plaintiffs' putative class "has *no* chance of getting certified." *Tincher*, 2026 WL 194768, at *1. Plaintiffs are entitled to move for class certification, and they are free to use any discovery obtained in the ordinary course of litigation in support of such a motion. But the Court should not permit expedited discovery in service of what the Eighth Circuit has determined to be a fruitless endeavor.

                                                                                                    Sincerely,

                                                                                                    */s/ Jeremy S.B. Newman*

                                                                                                    Jeremy S.B. Newman