


VIRGINIA R. McCALMONT
vmccalmont@forsgrenfisher.com
612.474.3320

February 9, 2026

Judge Katherine M. Menendez                                    **Via ECF**
U.S. District Court, District of Minnesota
Courtroom 14W
300 South Fourth Street
Minneapolis, MN 55415

      Re:    *Tincher v. Noem*, Case No. 25-CV-4669 (KMM/DTS)

Dear Judge Menendez,

We represent Plaintiffs Susan Tincher, John Biestman, Janet Lee, Lucia Webb, Abdikadir Noor, and Alan Crenshaw (collectively, "Plaintiffs"). We write in response to the Court's request for letters setting forth the parties' proposals regarding next steps in this litigation (Doc. 119).

## I.    BACKGROUND

Prior to the entry of the Court's conferral Order, Plaintiffs had conferred with Defendants in good faith to progress this litigation, but Defendants sought to delay. By our calculation, the deadline for the issuance of a Rule 16(b) scheduling order is February 17, 2026—60 days after Defendants appeared at the first status conference in this case (Doc. 23). *See* Fed. R. Civ. P. 16(b)(2) (this Court "must issue the scheduling order as soon as practicable" and no later than "the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared"). The parties' corresponding deadline to hold a Rule 26(f) conference was thus January 27, 2026. *See* Fed. R. Civ. P. 26(f)(1) (obligating parties to hold the Rule 26(f) conference "at least 21 days before . . . a scheduling order is due under Rule 16(b)").

On January 22, 2026, we asked Defendants for their availability for the mandatory Rule 26(f) conference. Defendants refused to participate. Counsel for Defendants informed us that a Rule 26(f) conference would be "premature" because "Defendants have not even responded to the Complaint."[1] We then provided a detailed explanation of why a forthcoming motion to dismiss does not operate to stay discovery-related deadlines. *See* Ex. A (citing Fed. R. Civ. P. 16(b)(2), Fed. R. Civ. P. 26(f)(1) & *United States v. Agri Stats, Inc.*, No. 23-CV-3009, 2024 WL 3061570, at *2 (D. Minn. May 17, 2024)). Although Defendants failed to identify contrary authority supporting their refusal to attend the Rule 26(f) conference, they still refused to participate. This is a straightforward violation of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 26(f)(1) ("the parties *must* confer" (emphasis added)).

---

[1] A true and correct copy of the parties' meet-and-confer correspondence on the Rule 26(f) conference is attached to this letter as Exhibit A.

Because Defendants would not participate in the Rule 26(f) conference, we anticipated filing a motion for a Rule 16(b) conference and the issuance of a scheduling order. *See* Fed. R. Civ. P. 16(b)(1)(B). We met and conferred with Defendants regarding that planned motion on Thursday, January 29, 2026. In that conversation, we proposed various ways we could tailor the next phase of this proceeding to limit the burden on Defendants, such as conducting discovery in phases and starting with limited discovery relevant to predicate issues like standing and class certification. Defendants declined to meaningfully engage with these proposals, instead maintaining their unsupported position that they were not obligated to participate in the Rule 26(f) conference and that no discovery should happen until after the Court adjudicates their forthcoming motion to dismiss.

On Monday, February 2, 2026, this Court entered the Order directing the parties to meet and confer about the next steps in this litigation (Doc. 119). The parties met and conferred about the Court's Order on February 5, 2026. In that conversation, we reiterated Plaintiffs' need for immediate discovery into standing and class certification. Although Defendants confirmed that their forthcoming motion to dismiss will be based in part on standing arguments, Defendants were unwilling to discuss limited discovery into those or any other preliminary issues. The following day—Friday, February 6, 2026—Defendants sent us an email advising Plaintiffs for the first time that they will request a stay of this proceeding until after the Eighth Circuit resolves their appeal of this Court's preliminary-injunction order, at which point they would ask for a briefing schedule on their planned motion to dismiss.[2] Defendants oppose *any* discovery until after their appeal and their motion to dismiss are serially adjudicated. *See* Ex. B.

## II. PLAINTIFFS' PROPOSAL

Plaintiffs respectfully request that the Court schedule a Rule 16(b) scheduling conference as soon as possible—ideally this week—and then enter a scheduling order. *See* Fed. R. Civ. P. 16(b)(1)(B). We ask that the scheduling order set an evidentiary and argument hearing on Plaintiffs' forthcoming motion for class certification and Defendants' forthcoming motion to dismiss approximately 75 days after the issuance of the scheduling order. Plaintiffs propose that this period be divided into 30 days of expedited discovery (written discovery and depositions) on issues related to standing and class certification, followed by a standard briefing schedule on the motions to dismiss and for class certification. *See* L.R. 7.1(c).

One miscellaneous note related to Plaintiffs' proposal: we have advised Defendants that Plaintiffs intend to file a First Amended Complaint sometime this week. Under the standard rules, Defendants' motion to dismiss or other response would be due 14 days after the service of Plaintiffs' First Amended Complaint. *See* Fed. R. Civ. P. 15(a)(3). Plaintiffs do not oppose the extension of Defendants' response deadline in accordance with the schedule proposed above.

---

[2] A true and correct copy of the parties' meet-and-confer correspondence on the Court's Order (Doc. 119) is attached to this letter as Exhibit B.

Plaintiffs' proposal for narrowly tailored discovery followed by consolidated briefing and hearing on the parties' motions to dismiss and for class certification appropriately balances Plaintiffs' interest in continuing to prosecute this action with Defendants' interest in limiting discovery during dispositive-motion practice. Plaintiffs' proposal to expedite and consolidate these preliminary proceedings is also in the interest of judicial economy. Moreover, and as explained in more detail below, (A) this Court retains jurisdiction over the proceedings Plaintiffs seek during the pendency of Defendants' appeal; (B) Defendants have not (and cannot) demonstrate good cause for a blanket stay; and (C) Plaintiffs need tailored, expedited discovery for purposes of the forthcoming motion practice. For all three reasons, Plaintiffs' proposal should be implemented.

### A. This Court has jurisdiction to continue these proceedings.

The Eighth Circuit has long acknowledged that "the appeal . . . from an interlocutory order denying a motion for preliminary injunction . . . does not ipso facto divest the district court of jurisdiction to proceed with the cause with respect to any matter not involved in the appeal, or operate to automatically stay other proceedings in the cause pending the appeal." *Janousek v. Doyle*, 313 F.2d 916, 920 (8th Cir. 1963); *see also* 11A Wright & Miller's Federal Practice & Procedure § 2962 (3d ed. 2025) ("An appeal from the grant or denial of a preliminary injunction does not divest the trial court of jurisdiction or prevent it from taking other steps in the litigation while the appeal is pending."). The Eighth Circuit has observed that this rule means that a district court may proceed all the way through a trial on the merits while the appeal of a preliminary-injunction order is being heard. *West Publ'g Co. v. Mead Data Cent., Inc.*, 799 F.2d 1219, 1229 (8th Cir. 1986); *see also* 11A Wright & Miller's Federal Practice & Procedure § 2962 (3d ed. 2025) (noting that "[t]he decision of both the trial and appellate court on whether to grant or deny a temporary injunction does not preclude the parties in any way from litigating the merits of the case" and collecting cases); *cf. Brandt ex rel. Brandt v. Rutledge*, No. 21-2875, 2022 WL 16957734, at *1 (8th Cir. Nov. 16, 2022) (Colloton, J., concurring) (concurring in the denial of rehearing en banc of a preliminary-injunction appeal because there had been "ten months of discovery and a full trial" and "[t]he present interlocutory appeal will be moot when the district court enters a final judgment after the trial"). This Court accordingly retains jurisdiction to order and oversee discovery and to resolve the parties' forthcoming motions while Defendants' appeal is pending.

### B. This Court should not enter a blanket stay.

Defendants have provided Plaintiffs with limited information about and no authority supporting their request for a blanket stay of these proceedings. *See* Ex. B. But we assume Defendants will argue that (1) the Eighth Circuit's forthcoming decision on Defendants' interlocutory appeal will provide guidance for further proceedings before this Court, and (2) it would be improper for discovery and class-certification briefing to proceed given Defendants' stated intention to file a motion to dismiss. Neither argument merits the entry of a blanket stay.

First, to the extent Defendants argue that the Eighth Circuit's decision will impact the scope of these proceedings moving forward, that is plainly wrong. The Eighth Circuit's decision will either affirm this Court's grant of a preliminary injunction, or it will reverse it. In an interlocutory appeal of an order entering a preliminary injunction, the Eighth Circuit's jurisdiction is "limited" and "does not extend to rendering advisory opinions on the merits of issues that may need to be decided later in the litigation." *Doe v. S. Iron R-1 Sch. Dist.*, 498 F.3d 878, 884 (8th Cir. 2007); *see Chicago Great W. Railway Co. v. Chicago, Burlington & Quincy R.R. Co.*, 193 F.2d 975, 978 (8th Cir. 1952) ("Orderly procedure in the circumstances here disclosed required that the parties try this case on its merits before attempting to present to this court the issues going to the merits of the action."). In fact, the Eighth Circuit has explicitly held that "[t]he decision of the trial court on granting the motion for preliminary injunction will not estop either of the parties on the trial of the case on its merits, *nor would any determination of those questions by this court on appeal be binding on the trial court* nor upon either of the parties in considering and determining the merits of the controversy." *Benson Hotel Corp. v. Woods*, 168 F.2d 694, 697 (8th Cir. 1948) (emphasis added). The Eighth Circuit's decision on Defendants' interlocutory appeal will be dispositive on the legality of the preliminary injunction, but it will not and cannot resolve any of the merits issues that this case presents before this Court has tried them. There is thus no reason for this Court to stay this proceeding pending the Eighth Circuit's decision.

Second, Defendants have not articulated good cause for a blanket stay pending this Court's resolution of their (as of yet unfiled) motion to dismiss. "The party asking the court to stay discovery has the burden of showing good cause." *Agri Stats, Inc.*, 2024 WL 3061570, at *2. "Filing a motion to dismiss is not sufficient in itself to establish good cause." *Id.* Nor is pointing to "the expenditure of cost inherent to litigation." *Christopherson v. Cinema Ent. Corp.*, No. 23-CV-3614, 2024 WL 1120925, at *6 (D. Minn. Mar. 6, 2024). Rather, "[t]here must be some unique facts or circumstances that would make the discovery not just burdensome but *unduly* burdensome." *Agri Stats, Inc.*, 2024 WL 3061570, at *2 (emphasis added). This Court routinely denies motions to stay that fail to clear this bar. *See, e.g.*, *id.* at *6 (Docherty, M.J.); *Christopherson*, 2024 WL 1120925, at *7 (Brisbois, M.J.); *Unity Healthcare, Inc. v. Cnty. of Hennepin*, Civ. No. 14-114, 2015 WL 12977021, at *4 (D. Minn. Sept. 16, 2015) (Keyes, M.J.), *report and recommendation adopted by* 2015 WL 12978156, at *1 (D. Minn. Nov. 4, 2015) (Ericksen, J.).

Defendants have not carried their burden of establishing that there are unique circumstances making the discovery Plaintiffs seek unduly burdensome at this juncture. Plaintiffs have taken steps to limit the burden of discovery by proposing that discovery be phased and that the first round of discovery be tailored to issues related to standing and class certification. Plaintiffs' need for discovery is time-sensitive because this lawsuit seeks to halt and redress injuries Defendants are inflicting every single day on peaceful Minnesotans who are exercising their constitutional rights. And to the extent Defendants are overwhelmed by the volume of litigation their actions in Minnesota and elsewhere has generated, that is a problem of their own making: it was Defendants who "decided to send thousands of agents to Minnesota to detain aliens without making any provision for dealing with the hundreds of habeas petitions and other lawsuits that were sure to result." *Juan T.R. v. Noem*, No. 26-CV-

0107, at 2 (D. Minn. Jan. 26, 2026) (Schiltz, C.J.) (order to show cause). The fact that it might be difficult for Defendants to marshal the resources required to respond to Plaintiffs' discovery requests is not a reason to deny Plaintiffs the process to which they are entitled.

Because Defendants cannot carry their burden of establishing good cause for a stay, Defendants' stay request should be denied.

### C. Plaintiffs need tailored, expedited discovery in advance of forthcoming motion practice.

Defendants have expressed an intention to move to dismiss on standing grounds, and Plaintiffs have expressed an intention to move for class certification. The Court should permit Plaintiffs discovery into issues related to standing and class certification prior to resolving those motions. And because time is of the essence in this case, the discovery that the Court orders should be expedited.

Plaintiffs should be permitted to conduct discovery into issues related to standing and class certification. With respect to standing, Defendants' own briefing underscores the need for discovery: Defendants argue that "Plaintiffs have not shown that DHS has a general policy of retaliation or excessive force." Defs.' Opp. to Pls.' Mot. for Preliminary Inj. at 28 (Doc. 46). As a result, Defendants argue that Plaintiffs' injuries caused by encounters with federal agents are "one-time isolated past incidents," *id.* at 52, that are unlikely to recur, thus negating Plaintiffs' standing to seek prospective relief, *id.* at 24. Given this argument, Plaintiffs are entitled to discovery into Defendants' policies, procedures, and practices in effect during Operation Metro Surge. This Court has the authority to order such discovery; whether to allow jurisdictional discovery prior to resolving a Rule 12(b)(1) motion is a matter committed to this Court's discretion. *See Johnson v. United States*, 534 F.3d 958, 964 (8th Cir. 2008); *Muellner v. U.S. Bank, N.A.*, No. 15-CV-0596, 2015 WL 4374180, at *1 (Schiltz, J.) (expressing concerns about standing and "giv[ing] the parties a period of approximately three months to take jurisdictional discovery—that is, discovery on whether plaintiffs have Article III standing to pursue their individual claims").

Plaintiffs also should receive discovery for purposes of their forthcoming motion for class certification. Although this Court "accepts as true the substantive allegations in the complaint" when deciding a motion for class certification, "the motion 'generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action.'" *Rouse v. H.B. Fuller Co.*, No. 22-CV-2173, 2025 WL 2530921, at *2 (D. Minn. Aug. 15, 2025) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 469 (1978)); *see also Blades v. Monsanto Co.*, 400 F.3d 562, 567 (8th Cir. 2005) ("The preliminary inquiry at the class certification stage may require the court to resolve disputes going to the factual setting of the case, and such disputes may overlap the merits of the case."). As a result, "discovery should usually be permitted prior to class certification." *Johnson v. Nekoosa-Edwards Paper Co.*, 558 F.2d 841, 845 n.5 (8th Cir. 1977); *see also* Fed. R. Civ. P. 23 advisory committee's note to 2003 amendment (contemplating "discovery in aid of the certification decision"); *Goyette v. City of Minneapolis*, No. 20-CV-1302, 2020 WL 3056705, at *5 (D. Minn. June 9,

2020) ("[T]he propriety of class-action status seldom can be determined on the pleadings alone."). This Court accordingly routinely allows pre-certification discovery, including depositions and expert discovery tailored to the Rule 23 analysis. *See Rouse*, 2025 WL 2530921, at *2; *Cosgrove v. OS Rest. Servs., Inc.*, No. 10-CV-1937, 2010 WL 11575055, at *3 (D. Minn. Aug. 31, 2010); *In re Nat'l Arb. Forum Litig.*, No. 09-1939, 2010 WL 11469529, at *2 (D. Minn. Feb. 16, 2010). Plaintiffs need such discovery in this case to prove that Rule 23's commonality and typicality requirements are satisfied. *See* Fed. R. Civ. P. 23(a)(2)–(3).

This Court should not only allow Plaintiffs to conduct discovery—it should order that discovery be expedited. This Court applies a "good cause" standard when deciding whether to grant a request to expedite discovery. *Nilfisk, Inc. v. Liss*, No. 17-CV-1902, 2017 WL 7370059, at *7 (D. Minn. June 15, 2017). "To establish good cause, the party seeking discovery must demonstrate that the need for expedited discovery, in consideration of the administration of justice, outweighs prejudice to the responding party." *Id.* (internal quotation marks and alterations omitted). "In determining whether to grant expedited discovery, courts frequently consider: '(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made.'" *Let Them Play MN v. Walz*, 517 F. Supp. 3d 870, 889 (D. Minn. 2021) (quoting *ALARIS Grp., Inc. v. Disability Mgmt. Network, Inc.*, No. 12-CV-0446, 2012 WL 13029504, at *2 (D. Minn. May 30, 2012)).

Good cause for granting expedited discovery exists here. Plaintiffs propose conducting limited discovery into issues related to standing and class certification for purposes of efficient briefing and argument on forthcoming motions on those topics. Had Defendants abided by their obligation to attend a Rule 26(f) conference on the timeline mandated by the Federal Rules of Civil Procedure, discovery would already be underway. The burden on Defendants to satisfy expedited discovery requests is lessened by both Plaintiffs' voluntary narrowing and the work that Defendants have already done to collect and produce documents in similar lawsuits pending elsewhere. Finally, the nature of Plaintiffs' claims makes it critical that they be adjudicated as quickly as possible. Every day matters, because every day Minnesotans are being arrested, pepper sprayed, and threatened by federal agents, all in violation of their constitutional rights.

For the foregoing reasons, Plaintiffs respectfully ask that the Court immediately set a scheduling conference and issue a scheduling order that includes expedited discovery into standing and class certification, to be followed by briefing and an evidentiary hearing on the forthcoming motions to dismiss and for class certification.

Sincerely yours,

Virginia R. McCalmont