UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

| | |
|---|---|
| SUSAN TINCHER, JOHN BIESTMAN, JANET LEE, LUCIA WEBB, ABDIKADIR NOOR, ALAN CRENSHAW, ABIGAIL SALM, RYAN DOXSEY, MARGARET WOOD, THE NEWSGUILD-COMMUNICATIONS WORKERS OF AMERICA, and STATUS COUP NEWS, *on behalf of themselves and other similarly situated individuals*, | Case No. 25-cv-4669 (KMM/DTS) |
| Plaintiffs, | |
| v. | **PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR INDICATIVE RULING PURSUANT TO FED. R. CIV. P. 62.1** |
| KRISTI NOEM, Secretary, U.S. Department of Homeland Security (DHS); TODD LYONS, Acting Director, U.S. Immigration and Customs Enforcement (ICE); MARCOS CHARLES, Acting Executive Associate Director, Enforcement and Removal Operations (ERO), ICE; DAVID EASTERWOOD, Acting Field Office Director, ERO, ICE Saint Paul Field Office; RODNEY SCOTT, Commissioner, U.S. Customs and Border Protection (CBP); GREGORY BOVINO, Chief Border Patrol Agent, CBP; JOHN A. CONDON, Acting Executive Associate Director, Homeland Security Investigations (HSI); THOMAS HOMAN, DHS Executive Assistant Director of Enforcement and Removal; The Department of Homeland Security; Unidentified Federal Agencies; and Unidentified Federal Agents; *in their official capacities*, | |
| Defendants. | |

## INTRODUCTION

Plaintiffs file this motion for an indicative ruling that this Court would dissolve the preliminary injunction if the Eighth Circuit were to remand for that purpose because, by the injunction's plain terms, it is no longer of any force or effect. The injunction issued by this Court applied specifically to and during Operation Metro Surge. (*See, e.g.*, ECF 85 at 81–83.) On February 12, 2026, White House Border Czar Tom Homan announced that the administration is concluding Operation Metro Surge. Defendants reaffirmed that the surge is "over" as recently as this past weekend. With the Surge now ended, the injunction granted by this Court, under its plain terms, will never again be effective. While a live controversy remains with respect to Defendants' continued presence and operations in Minnesota now that Operation Metro Surge is over, the terms of the present injunction do not apply to post-Surge operations. Thus, to conserve judicial resources and to avoid wasteful litigation over an obsolete injunction, this Court should confirm that the injunction is no longer effective and that therefore this Court would dissolve the injunction if the Eighth Circuit were to remand for that purpose.

## FACTS

Plaintiffs moved for a preliminary injunction and proposed a scope of relief that would apply to Defendants and their agents "currently or subsequently deployed in the District of Minnesota, including but not limited to all personnel in Minnesota who are part of Operation Metro Surge or any equivalent operation by a different name." (ECF 38 at ¶ 2.a.) In issuing the injunction, this Court delineated a narrower scope that related only to Operation Metro Surge. (ECF 85 at 81 ¶ 1 ("This order applies to individual Plaintiffs and

1

to all persons who do or will in the future record, observe, and/or protest Operation Metro Surge and related operations that have been ongoing in this District since December 4, 2025.")). The remainder of the injunction likewise conforms to this circumscribed scope. (*See id.* at ¶ 2 (defining "Covered Federal Agents" in relation to "Operation Metro Surge" and stating "[t]his Injunction applies to Defendants and their officers and agents operating . . . as part of Operation Metro Surge"); at ¶ 4 (requiring dissemination of the order only to Covered Federal Agents who, by definition, were acting as part of Operation Metro Surge)). The Court's order further contemplated that it would terminate if "Operation Metro Surge concludes." (*Id.* at ¶ 5.)

On February 12, White House Border Czar Tom Homan announced that Operation Metro Surge has come an end, stating "I have proposed, and President Trump has concurred, that this surge operation conclude." (Ex. A, CBS News, Border Czar Says Minnesota ICE Surge Is Ending: "I Don't Want to See Any More Bloodshed.") After this announcement, Plaintiffs reached out to counsel for Defendants and explained that the injunction, by its terms, applied only to Operation Metro Surge, rendering the appeal of the preliminary injunction moot. Defendants declined to consent to dismissal of the appeal on this basis. Plaintiffs then moved the Eighth Circuit for an order staying the appeal for purposes of filing a motion to dissolve the preliminary injunction with this Court or, alternatively, seeking an indicative ruling from this Court. Defendants opposed. On February 19, the Eighth Circuit stayed the appeal to permit Plaintiffs to seek an indicative ruling. On February 21, Homan reaffirmed that the immigration surge is "over." (Ex. B,

Fox News, Homan Says 'Immigration Surge' In Minneapolis Is 'Over,' Footprint Will Shrink to 150 Agents 'Within a Week.')

## LEGAL STANDARD

Rule 62.1 provides that "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may," *inter alia*, "state . . . that it would grant the motion if the court of appeals remands for that purpose." Fed. R. Civ. P. 62.1(a). Further, when a preliminary injunction becomes moot during the pendency of an appeal, the proper course of action is to dissolve the injunction and proceed with adjudicating the merits of the litigation "in due course." *See, e.g.*, *Fauconniere Mfg. Corp. v. Sec'y of Def.*, 794 F.2d 350, 352 (8th Cir. 1986) (directing the district court to vacate a preliminary injunction that had become moot during appeal).

## ARGUMENT

It is blackletter Circuit law that when a preliminary injunction is granted for a specified time period, the preliminary injunction becomes moot when "the *effective time period* of the injunction *has passed.*" *Stevenson v. Blytheville Sch. Dist. No. 5*, 762 F.3d 765, 768 (8th Cir. 2014) (quoting *Brooks v. Ga. State Bd. of Elections,* 59 F.3d 1114, 1119 (11th Cir. 1995)). In *Stevenson*, the plaintiffs sought a preliminary injunction enjoining a school district from opting out of the Arkansas Public School Choice Act "for the 2013-2014 school year." *Id.* at 766–67. Because that school year had concluded by the time the Eighth Circuit decided the appeal and no mootness exception applied, the Eighth Circuit dismissed the appeal as moot and returned the matter to the district court. *Id*. at 769–70.

The Eighth Circuit directed that adjudication of the plaintiffs' requests for declaratory and permanent injunctive relief should proceed. *Id.* at 770.

In this case, Plaintiffs sought a preliminary injunction from the Court that would have applied to all DHS agents in Minnesota, "including but not limited to" those participating in "Operation Metro Surge or any equivalent operation by a different name." (ECF 38 at ¶ 2.a.) But the injunction that this Court entered was narrower in application and temporal scope, limited to "Defendants and their officers and agents operating . . . as part of Operation Metro Surge," and operations "related" to the then-ongoing Operation Metro Surge. (ECF 85 at 81.) As Defendants have announced Operation Metro Surge is over (and so too, by definition, are operations that "related" to the ended Surge), the injunction is moot. Now that Operation Metro Surge is over, Plaintiffs ask this Court to confirm that it meant what it said when it entered the preliminary injunction: that the injunction applied only to Operation Metro Surge.

Defendants' opposition to Plaintiffs' motion to stay the Eighth Circuit proceedings was notable in that it nowhere denied the end of Operation Metro Surge. (*See generally* Opp'n to Motion to Stay, *Tincher v. Noem*, No. 26-1105 (8th Cir. Feb. 17, 2026).) Instead, Defendants claimed that "plaintiffs themselves clearly do not believe the injunction is moot" because Plaintiffs "do not suggest that they plan to dismiss their complaint or forgo any claim for prospective relief." (*Id.* at 4.) Defendants confuse the question of the mootness of the preliminary injunction, which was explicitly tied to Operation Metro Surge, with the pending, live controversy of the case as whole. *See* 13C Wright & Miller, Fed. Prac. & Proc. Juris. § 3533.3.1 (3d ed.) ("[I]t may be clear that a particular request for

4

relief has become moot, even though other forms of relief may remain available. Once the opportunity for a preliminary injunction has passed, for example, the preliminary injunction issue may be moot even though the case remains alive on the merits."). While Plaintiffs seek prospective injunctive relief from this Court to prevent future retaliation, (*see, e.g.*, ECF 136 at 97 ¶ D), that prospective equitable relief will not enjoin conduct during Operation Metro Surge because that operation has concluded.

The Eighth Circuit has repeatedly concluded that disputes over preliminary injunctions can be moot even though the underlying dispute is not. *See, e.g.*, *Stevenson*, 762 F.3d at 770 (explaining that underlying issues would not evade review because the plaintiffs' "request for declaratory relief and for a permanent injunction raise[ed] the same underlying legal questions that remain[ed] pending before the district court"); *Fauconniere*, 794 F.2d at 352 (explaining that preliminary injunction was moot but that the litigation, including a request for a permanent injunction, should proceed "in due course"); *see also, e.g.*, *Arc of Iowa v. Reynolds*, 33 F.4th 1042, 1045 (8th Cir. 2022) (per curiam) (concluding the preliminary injunction was moot but remanding to the district court and noting that "the merits of Plaintiffs' claims . . . are left for future decision"); *Bierman v. Dayton*, 817 F.3d 1070, 1074 (8th Cir. 2016) (explaining that, even though a motion seeking a preliminary injunction to enjoin a union election was moot, "the underlying legal issues do not evade review because the homecare providers' challenge to the Act is still pending before the district court"). So too have other courts. *See, e.g.*, *Fleming v. Gutierrez*, 785 F.3d 442, 444 (10th Cir. 2015) (explaining that the dispute over a preliminary injunction was moot but that the overall controversy was not and that "claims that are still

5

alive can be litigated in the district court as part of the continuing proceedings over the need for a permanent injunction").

In this case, because Defendants continue to conduct immigration enforcement and removal operations in Minnesota, Plaintiffs remain at risk of suffering retaliation and unlawful seizures at the hands of Defendants. (*See* ECF 136 ¶¶ 282–85.) With the Surge over, should Plaintiffs wish to obtain protection in the form of injunctive relief going forward, Plaintiffs believe they would need to obtain a new injunction that – in contrast to the present injunction – governs the time period after the Surge's end. Such issues, along with those presented by the motion to dismiss that Defendants intend to file, (*see* ECF 130 at 1), will be resolved by this Court through the normal course of litigation, but they provide no basis to hold the preliminary injunction applies beyond the scope specified by the Court.

Defendants' opposition also indicated that they will oppose this motion for an indicative ruling, (Opp'n to Motion to Stay at 7, *Tincher v. Noem*, No. 26-1105 (8th Cir. Feb. 17, 2026)), and that they desire the Eighth Circuit to rule on the substantive merits of their defenses to the injunction, (*id.* at 5.) But Defendants' preferences do not control whether the preliminary injunction is moot; the terms of the injunction do. *Fauconniere*, in which a preliminary injunction became moot during the pendency of the appeal, is instructive. The defendants argued that the jurisdictional defenses they asserted in opposing the motion for a preliminary injunction remained "live issues." 794 F.2d at 351. The Eighth Circuit explained that this argument did not justify continued litigation about the moot injunction. Instead, those defenses needed to be "asserted in further proceedings" because they were "wholly academic" as it pertained to the preliminary injunction. *Id.* at 352. The

6

same is true here. An injunction that pertains solely to Operation Metro Surge has no ongoing effect and never again will, so any defenses raised to the injunction would be purely academic.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court issue an indicative ruling that, were the Eighth Circuit to return jurisdiction to this Court, this Court would dissolve the preliminary injunction because it is no longer of any force or effect.

Dated:  February 23, 2026                    /s/ Kyle W. Wislocky

Teresa Nelson (#269736)
Catherine Ahlin-Halverson (#350473)
Alicia Granse (#400771)
**AMERICAN CIVIL LIBERTIES UNION OF MINNESOTA**
P.O. Box 14720
Minneapolis, MN 55414
Tel: (651) 529-1692
tnelson@aclu-mn.org
cahlin@aclu-mn.org
agranse@aclu-mn.org

Scarlet Kim*
Brian Hauss*
Esha Bhandar*
**AMERICAN CIVIL LIBERTIES UNION FOUNDATION**
125 Broad Street
New York, NY
Tel: (212) 549-2500
scarletk@aclu.org
bhauss@aclu.org
ebhandari@aclu.org
* Admitted pro hac vice

Kyle W. Wislocky (#393492)
Jacob F. Siegel (#399615)
**CIRESI CONLIN LLP**
225 S. 6th St., Suite 4000
Minneapolis, MN 55402
Tel: (612) 361-8233
kww@ciresiconlin.com
jfs@ciresiconlin.com

Robert J. Gilbertson (#22361X)
Caitlinrose H. Fisher (#398358)
Virginia R. McCalmont (#402214)
Jackson C. Evert (#402214)
Rebecca Rogers (#403827)
**FORSGREN FISHER MCCALMONT DEMAREA TYSVER LLP**
225 South Sixth Street
Suite 1500
Minneapolis, MN 55402
Tel: (612)-474-3310
bgilbertson@forsgrenfisher.com
cfisher@forsgrenfisher.com
vmccalmont@forsgrenfisher.com
jevert@forsgrenfisher.com
rrogers@forsgrenfisher.com

Kevin C. Riach (#389277)
**THE LAW OFFICE OF KEVIN C. RIACH**
125 Main St. SE, Suite 339
Minneapolis, MN 55414
(612) 203-8555
kevin@riachdefense.com

***ATTORNEYS FOR PLAINTIFFS***