UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| SUSAN TINCHER, JOHN BIESTMAN, JANET LEE, LUCIA WEBB, ABDIKADIR NOOR, ALAN CRENSHAW, ABIGAIL SALM, RYAN DOXSEY, MARGARET WOOD, THE NEWSGUILD-COMMUNICATIONS WORKERS OF AMERICA, and STATUS COUP NEWS, *on behalf of themselves and other similarly situated individuals*,<br><br>    Plaintiffs,<br><br> v.<br><br>KRISTI NOEM, Secretary, U.S. Department of Homeland Security (DHS); TODD LYONS, Acting Director, U.S. Immigration and Customs Enforcement (ICE); MARCOS CHARLES, Acting Executive Associate Director, Enforcement and Removal Operations (ERO), ICE; DAVID EASTERWOOD, Acting Field Office Director, ERO, ICE Saint Paul Field Office; RODNEY SCOTT, Commissioner, U.S. Customs and Border Protection (CBP); GREGORY BOVINO, Chief Border Patrol Agent, CBP; JOHN A. CONDON, Acting Executive Associate Director, Homeland Security Investigations (HSI); THOMAS HOMAN, DHS Executive Assistant Director of Enforcement and Removal; The Department of Homeland Security; Unidentified Federal Agencies; and Unidentified Federal Agents; *in their official capacities*,<br><br>    Defendants. | Case No. 25-cv-04669 (KMM/DTS)<br><br><br><br>**DECLARATION OF VIRGINIA R. McCALMONT IN SUPPORT OF PLAINTIFFS' MOTION FOR JURISDICTIONAL DISCOVERY** |

I, Virginia R. McCalmont, declare and state as follows:

1. I am an attorney with Forsgren Fisher McCalmont DeMarea Tysver LLP and counsel of record for Plaintiffs Susan Tincher, John Biestman, Janet Lee, Lucia Webb, Abdikadir Noor, Alan Crenshaw, Abigail Salm, Ryan Doxsey, Margaret Wood, The NewsGuild – Communications Workers of America, and Status Coup News (collectively, "Plaintiffs").

2. I submit this declaration in support of Plaintiffs' Motion for Jurisdictional Discovery. This declaration is based upon my personal knowledge.

3. I contacted counsel for Defendants Kristi Noem, Todd Lyons, Marcos Charles, David Easterwood, Rodney Scott, Gregory Bovino, John A. Condon, Thomas Homan, and the Department of Homeland Security (collectively, "Defendants") in January 2026 to schedule a Rule 26(f) conference so that Plaintiffs could begin conducting discovery. *See* Fed. R. Civ. P. 16(b)(1)(A) & 26(f)(1).

4. Defendants refused to attend a Rule 26(f) conference on the grounds that discovery was premature because they intended to file a motion to dismiss.

5. By letter dated February 9, 2026, Plaintiffs raised with the Court Defendants' refusal to attend a Rule 26(f) conference and asked the Court to enter an order permitting Plaintiffs to conduct expedited discovery on issues related to standing and class certification (Doc. 133 at 5–6).

6. On February 11, 2026, this Court entered a Case Management Order (Doc. 135). The Court denied Plaintiffs' request for expedited discovery related to class

certification but granted Plaintiffs the opportunity to file a motion for jurisdictional discovery in response to Defendants' anticipated motion to dismiss. (*Id.* at 2.)

7. As a result, and notwithstanding their diligent efforts, Plaintiffs have not yet had the opportunity to conduct any discovery in this case.

8. I have reviewed Defendants' motion to dismiss and supporting declarations. The jurisdictional aspects of Defendants' motion to dismiss appear to be based on factual information that is not contained within Plaintiffs' First Amended Complaint or otherwise available to Plaintiffs.

9. Plaintiffs require discovery to obtain facts "essential to justify [their] opposition" to Defendants' motion to dismiss on standing and mootness grounds. Fed. R. Civ. P. 56(d).

10. Attached hereto as **Exhibit A** is Plaintiffs' draft set of requests for production of documents related to Defendants' standing and mootness arguments. Plaintiffs respectfully ask that the Court permit Plaintiffs to serve these document requests on Defendants and order Defendants to promptly produce documents in response.

11. Additionally, Plaintiffs request the opportunity to depose (1) declarant Marty C. Raybon Sr.; (2) declarant David Easterwood; and (3) a governmental representative designated pursuant to Federal Rule of Civil Procedure 30(b)(6) on topics related to Defendants' standing and mootness arguments.

12. Plaintiffs request that they be given the opportunity to review Defendants' document productions prior to serving a topics list for the Rule 30(b)(6) deposition and prior to scheduling the depositions of declarants Raybon and Easterwood.

4

13.     Plaintiffs would be prejudiced if required to respond to Defendants' standing and mootness arguments without the benefit of the targeted jurisdictional discovery sought in this motion.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:  March 13, 2026.                              *s/ Virginia R. McCalmont*
                                                     Virginia R. McCalmont

4