# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| SUSAN TINCHER, JOHN BIESTMAN, JANET LEE, LUCIA WEBB, ABDIKADIR NOOR, ALAN CRENSHAW, ABIGAIL SALM, RYAN DOXSEY, MARGARET WOOD, THE NEWSGUILD-COMMUNICATIONS WORKERS OF AMERICA, and STATUS COUP NEWS, o*n behalf of themselves and other similarly situated individuals,*<br><br>            Plaintiffs,<br>v.<br><br>KRISTI NOEM, Secretary, U.S. Department of Homeland Security (DHS); TODD LYONS, Acting Director, U.S. Immigration and Customs Enforcement (ICE); MARCOS CHARLES, Acting Executive Associate Director, Enforcement and Removal Operations (ERO), ICE; DAVID EASTERWOOD, Acting Field Office Director, ERO, ICE Saint Paul Field Office; RODNEY SCOTT, Commissioner, U.S. Customs and Border Protection (CBP); GREGORY BOVINO, Chief Border Patrol Agent, CBP; JOHN A. CONDON, Acting Executive Associate Director, Homeland Security Investigations (HSI); THOMAS HOMAN, DHS Executive Assistant Director of Enforcement and Removal; The Department of Homeland Security; Unidentified Federal Agencies; and Unidentified Federal Agents; *in their official capacities*,<br><br>            Defendants. | Case No. 25-cv-04669 (KMM/DTS)<br><br><br><br>**PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

TO: Defendants, by and through their counsel of record.

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs Susan Tincher, John Biestman, Janet Lee, Lucia Webb, Abdikadir Noor, Alan Crenshaw, Abigail Salm, Ryan Doxsey, Margaret Wood, The NewsGuild - Communications Workers of America, and Status Coup News (collectively "Plaintiffs") hereby request that Defendants Kristi Noem, Todd Lyons, Marcos Charles, David Easterwood, Rodney Scott, Gregory Bovino, John A. Condon, Thomas Homan, and The Department of Homeland Security (collectively "Defendants") produce the Documents described below within thirty (30) days of the date of service.

These discovery requests are continuing in nature, requiring Defendants to supplement their productions to set forth any information within the scope of these requests that may be acquired by Defendants or Defendants' employees, agents, attorneys, or representatives after Defendants have served their productions.

## **DEFINITIONS**

As used herein, the following words and terms shall have the following meanings:

1.     "Communication" means the transfer or exchange of information, including but not limited to emails, text messages, instant messages, radio transmissions, memoranda, letters, reports, and social media communications.

2.     "Complaint" means Plaintiffs' First Amended Complaint and any amended or supplemental complaint filed in this action.

3. "Document" has the broadest meaning permitted under Federal Rule of Civil Procedure 34 and includes all writings, recordings, photographs, electronically stored information, data compilations, drafts, and copies. A draft or non-identical copy is a separate document within the meaning of this term.

4. "Federal Agent" includes any federal law enforcement or immigration enforcement officer who is or was deployed in Operation Metro Surge or in immigration enforcement actions in Minnesota since the end of Operation Metro Surge, including, but not limited to, agents employed or operating on behalf of the Department of Homeland Security ("DHS"), including its component agencies U.S. Immigration and Customs Enforcement ("ICE"), and U.S. Customs and Border Patrol ("CBP"), and the Department of Justice ("DOJ") and its component agencies.

5. "Operation Metro Surge" means the immigration enforcement operation initiated in or around December 2025 and conducted in the District of Minnesota.

6. "Plaintiff" or "Plaintiffs" means one or more of Susan Tincher, John Biestman, Janet Lee, Lucia Webb, Abdikadir Noor, Alan Crenshaw, Abigail Salm, Ryan Doxsey, Margaret Wood, The NewsGuild – Communications Workers of America, and Status Coup News.

7. "Person" or "individual" includes natural persons as well as corporations, partnerships, associations, governmental entities, agencies, departments, or any other legal or quasi-legal entity.

8.     The terms "relate to," "related to," or "relating to" are to be construed broadly and include referring to, describing, evidencing, discussing, mentioning, constituting, or otherwise having any connection with the subject matter identified.

9.     "You," "Your," or "Defendants" means each Defendant to whom these Requests are directed, including any department, agency, office, division, or unit thereof, as well as each Defendant's officers, employees, agents, contractors, attorneys, or other representatives. If an answer differs by Defendant, state the answer separately for each Defendant.

## INSTRUCTIONS

1.     In responding to these Requests, produce all responsive Documents and Communications in your possession, custody, or control, regardless of the location of such Documents or Communications, including those in the possession, custody, or control of your employees, members, agents, representatives, attorneys, advisors, or consultants.

2.     Documents are deemed to be within Your possession, custody, or control if You have actual possession or the legal right or practical ability to obtain the Documents.

3.     Each requested Document and Communication shall be produced in its entirety together with any attachments, drafts, and non-identical copies, including copies that differ by virtue of handwritten or other notes or markings. If a Document or Communication responsive to these Requests cannot be produced in full, it shall be produced to the extent possible together with an explanation why production of the remainder is not possible. Documents or Communications contained in file folders, loose-leaf binders, and notebooks with tabs or labels identifying such documents shall be

4

produced intact together with such documents. Documents or Communications attached to each other shall not be separated, and all such attached documents shall be produced. Documents and Communications shall be produced in the order in which they were maintained.

4. No Request should be interpreted to require disclosure of information protected by the attorney-client privilege or the work-product doctrine.

5. If You object to any Request on the ground that it is overly broad, unduly burdensome, or oppressive, state with specificity the factual basis for the objection.

6. If, in a response to a Request, you represent that you are unable to comply with a Request in full or in part, provide a statement (a) identifying the portion(s) of the Request with which you are unable to comply; (b) affirming that a diligent search and a reasonable inquiry has been made in an effort to comply with the Request; (c) specifying whether the inability to comply is because the particular Document or Communication, or category of Documents or Communications, never existed, has been destroyed, has been lost, misplaced, or stolen, or has been, and is no longer, in your possession, custody, or control; and (d) furnishing a list specifying each Document or Communication and setting forth (i) its type, (ii) its general subject matter and substance, (iii) its date, (iv) the identity of each person known or believed to have knowledge of the content of each lost, discarded, or destroyed Document or Communication, (v) the identity of all persons authorized or having knowledge of the circumstances surrounding loss or disposal of the Document or Communication, and (vi) the identity of the person(s) who lost, discarded, or destroyed the Document or Communication.

7. If You withhold any Documents on the basis of privilege or protection, identify each such Document by date, author, recipient(s), general subject matter, and the basis for the claim of privilege, sufficient to permit evaluation of the claim.

8. If any responsive Document is withheld in part, produce the non-privileged portion and identify the portion withheld.

9. Unless otherwise specified, the relevant time period for these Requests is November 1, 2025 to present.

10. The singular form of any word includes the plural, and the plural includes the singular.

11. Electronically Stored Information ("ESI") shall be produced in native format with metadata preserved, unless otherwise agreed by the parties or ordered by the Court.

12. Documents shall be produced as kept in the usual course of business or organized to correspond with the categories of these Requests.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

Subject to the foregoing definitions and instructions, Plaintiffs request that Defendants produce at the offices of Forsgren Fisher McCalmont DeMarea Tysver LLP, 225 South Sixth Street, Suite 1500, Minneapolis, MN 55402, or electronically by email or secure file transfer, the following documents and things:

**REQUEST NO. 1:** All Documents and Communications concerning any Plaintiff, including, but not limited to, (1) regarding any government action against or involving a Plaintiff; (2) any email, text message, WhatsApp, or other message mentioning a Plaintiff, whether sent using official or private means, and whether sent by Defendants, their agents, or any third party; and (3) any other record or message sent to, created by, or maintained

by U.S. Customs and Border Protection or U.S. Immigration and Customs Enforcement concerning each Plaintiff.

**REQUEST NO. 2:** All Documents and Communications referring or relating to the planning, objectives, initiation, execution, wind-down, and conclusion of Operation Metro Surge.

**REQUEST NO. 3:** Documents sufficient to show the missions, priorities, or enforcement objectives of Federal Agents deployed to Minnesota after the end of Operation Metro Surge was announced.

**REQUEST NO. 4:** All Documents and Communications referring or relating to any plans, proposals, or discussions of the continuation, resumption, expansion, or redeployment of Federal Agents to Minnesota for immigration enforcement operations following the end of Operation Metro Surge.

**REQUEST NO. 5:** All Documents and Communications relating to formal or informal policies, guidance, directives, or training materials governing Federal Agents' interactions with journalists or members of the public who observe, document, record, photograph, or protest immigration enforcement activities in Minnesota, including (but not limited to) those governing seizures, detentions, arrests, threats or uses of force, and crowd control tactics.

**REQUEST NO. 6:** Documents sufficient to show (a) the number of Federal Agents deployed to Minnesota, and (b) the number of detentions or arrests by Federal Agents each day from November 1, 2025 to present.

**REQUEST NO. 7:** All Documents and Communications Defendants referenced or relied upon in drafting any filing Defendants submitted in this case, including—but not limited to—Defendants' motion to dismiss and the supporting declarations of Marty C. Raybon Sr. (Doc. 254) and David Easterwood (Doc. 255).

Dated: March 13, 2026

**AMERICAN CIVIL LIBERTIES UNION OF MINNESOTA**
Teresa Nelson (#269736)
Catherine Ahlin-Halverson (#350473)
Alicia Granse (#400771)
P.O. Box 14720
Minneapolis, MN 55414
(651) 529-1692
tnelson@aclu-mn.org
cahlin@aclu-mn.org
agranse@aclu-mn.org

**AMERICAN CIVIL LIBERTIES UNION FOUNDATION**
Esha Bhandari (NY #4923140), *pro hac vice*
Brian Hauss (NY #5437751), *pro hac vice*
Scarlet Kim (NY #5025952), *pro hac vice*
125 Broad Street, Floor 18
New York, NY 10004
(212) 549-2500
ebhandari@aclu.org
bhauss@aclu.org
scarletk@aclu.org

**FREDRIKSON & BYRON, P.A.**
Leah C. Janus (#0337365)
Pari I. McGarraugh (#0395524)
Panhia Vang (#0399444)
Megan M. Helstrom (#0403441)
Ayesha Mitha (#504462)
60 South Sixth Street, Suite 1500
Minneapolis, MN 55402
Telephone: (612) 492-7000
ljanus@fredlaw.com
pmcgarraugh@fredlaw.com
pvang@fredlaw.com
mhelstrom@fredlaw.com
amitha@fredlaw.com

*/s/ Virginia R. McCalmont*

**FORSGREN FISHER McCALMONT DeMAREA TYSVER LLP**
Robert J. Gilbertson (#22361X)
Caitlinrose H. Fisher (#398358)
Virginia R. McCalmont (#399496)
Jackson C. Evert (#402214)
Rebecca R. Rogers (#403827)
1500 Capella Tower
225 South Sixth Street
Minneapolis, MN 55402
Telephone: (612) 474-3300
bgilbertson@forsgrenfisher.com
cfisher@forsgrenfisher.com
vmccalmont@forsgrenfisher.com
jevert@forsgrenfisher.com
rrogers@forsgrenfisher.com

**THE LAW OFFICE OF KEVIN C. RIACH**
Kevin C. Riach (#389277)
125 Main St. SE, Suite 339
Minneapolis, MN 55414
(612) 203-8555
kevin@riachdefense.com

**CIRESI CONLIN LLP**
Kyle W. Wislocky (#393492)
Jacob F. Siegel (#399615)
225 S. 6th St., Suite 4600
Minneapolis, MN 55402
(612) 361-8233
kww@ciresiconlin.com
jfs@ciresiconlin.com

*Attorneys for Plaintiffs and the Proposed Class*