UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

SUSAN TINCHER, JOHN BIESTMAN,
JANET LEE, LUCIA WEBB,
ABDIKADIR NOOR, ALAN
CRENSHAW, ABIGAIL SALM, RYAN
DOXSEY, MARGARET WOOD, THE
NEWSGUILD-COMMUNICATIONS
WORKERS OF AMERICA, and
STATUS COUP NEWS, *on behalf of
themselves and other similarly situated
individuals,*

        Plaintiffs,

     v.

KRISTI NOEM, Secretary, U.S.
Department of Homeland Security (DHS);
TODD LYONS, Acting Director, U.S.
Immigration and Customs Enforcement
(ICE); MARCOS CHARLES, Acting
Executive Associate Director,
Enforcement and Removal Operations
(ERO), ICE; DAVID EASTERWOOD,
Acting Field Office Director, ERO, ICE
Saint Paul Field Office; RODNEY
SCOTT, Commissioner, U.S. Customs and
Border Protection (CBP); GREGORY
BOVINO, Chief Border Patrol Agent,
CBP; JOHN A. CONDON, Acting
Executive Associate Director, Homeland
Security Investigations (HSI); THOMAS
HOMAN, DHS Executive Assistant
Director of Enforcement and Removal;
The Department of Homeland Security;
Unidentified Federal Agencies; and
Unidentified Federal Agents; *in their
official capacities*,

        Defendants.

Case No. 25-cv-4669 (KMM/DTS)

**PLAINTIFFS' MEMORANDUM OF
LAW IN SUPPORT OF MOTION
TO DISSOLVE THE
PRELIMINARY INJUNCTION**

The Court is familiar with the procedural history of this case and the background of the instant motion. (*See generally* ECF 85, ECF 246.) On December 17, 2025, Plaintiffs filed this action on behalf of themselves and a putative class of peaceful individuals who record, observe, and/or protest DHS operations, whose First and Fourth Amendment rights were violated by federal agents in connection with the Government's immigration enforcement operations in Minnesota. (ECF 1 ¶¶ 179-181.) Plaintiffs then moved for a temporary restraining order, which the Court converted to a motion for a preliminary injunction. (ECF 16, 24.) Although Plaintiffs sought a preliminary injunction that would have applied to all DHS agents in Minnesota, "including but not limited to" those participating in "Operation Metro Surge or any equivalent operation by a different name," (ECF 38 at ¶ 2.a), the injunction issued by this Court applied specifically to and during Operation Metro Surge. (See, e.g., ECF 85 at 81–83.) The Government appealed. (ECF 87.)

After White House Border Czar Tom Homan's announcement on February 12, 2026 that Operation Metro Surge had concluded, Plaintiffs asked the Eighth Circuit to stay the appeal to permit them to seek an indicative ruling from this Court as to whether it would dissolve the preliminary injunction because it had become moot. The Eighth Circuit stayed the appeal, and Plaintiffs filed their motion for an indicative ruling. (ECF 240.) The Government opposed. (ECF 245.)

This Court granted Plaintiffs' motion and issued an indicative ruling, concluding that the preliminary injunction "is now moot because [Operation Metro Surge] has ended." ECF 246 at 6. As this Court noted, the preliminary injunction it issued "expressly

1

encompassed only conduct stemming from [Operation Metro Surge] and excluded non-[Operation Metro Surge] conduct." This Court therefore issued an indicative ruling that "it would grant a motion to dissolve the January 16, 2026 Preliminary Injunction (Dkt. 85) as moot if the Court of Appeals remands for that purpose." *Id.* at 9. Plaintiffs provided the Eighth Circuit notice of this Court's indicative ruling and requested a remand to this Court "to grant the motion to dissolve the preliminary injunction as moot." (3/6/26 FRAP 12.1 Notice). Defendants opposed the remand. (3/9/26 Opposition to Request for Remand.) On March 12, 2026, the Eighth Circuit remanded "for the limited purpose of allowing the district court to rule on Plaintiff's motion to dissolve the preliminary injunction." ECF 263 at 1.[1]

This issue has been fully briefed in the parties' prior submissions in relation to the motion for an indicative ruling.[2] As Plaintiffs argued in the motion for indicative ruling, and the Court explained in its indicative ruling, the injunction has become moot based on its "plain language" which tied it temporally to Operation Metro Surge. (ECF 246 at 7.) An indicative ruling is merely a procedural device for a district court to indicate how it would rule on a motion if it had jurisdiction to resolve the issue. *See* Fed. R. Civ. P. 62.1. Now that the Court of Appeals has remanded the matter after receiving this Court's

---

[1] During the meet and confer on this motion, Plaintiffs asked the Government to stipulate to an order dissolving the injunction or, in the alternative, to stipulate to resting on the parties' prior written submissions on the motion for an indicative ruling. The Government did not agree to either proposal.

[2] Issues related to mootness of the injunction have been further addressed in the parties' Eighth Circuit briefing on Plaintiffs' motion for stay and request for remand.

indicative ruling, this Court "may decide the motion." Fed. R. Civ. P. 62.1(c). The issues presented in the current posture are identical to the issues presented in the prior motion, and the Court has already indicated how it would rule if presented with the instant motion. Nothing has changed factually that would call into question the Court's prior ruling or cause it to deviate from its prior indicative ruling.

Accordingly, Plaintiffs respectfully request that this Court issue an order dissolving the preliminary injunction as moot because, by its own terms, is no longer of any force or effect given Defendants' ending Operation Metro Surge, in accordance with its indicative ruling.

Respectfully submitted,

Dated:  March 20, 2026

/s/ Kyle W. Wislocky
Teresa Nelson (#269736)
Catherine Ahlin-Halverson (#350473)
Alicia Granse (#400771)
**AMERICAN CIVIL LIBERTIES UNION**
**OF MINNESOTA**
P.O. Box 14720
Minneapolis, MN 55414
Tel: (651) 529-1692
tnelson@aclu-mn.org
cahlin@aclu-mn.org
agranse@aclu-mn.org

Scarlet Kim*
Brian Hauss*
Esha Bhandar*
**AMERICAN CIVIL LIBERTIES UNION**
**FOUNDATION**
125 Broad Street
New York, NY
Tel: (212) 549-2500
scarletk@aclu.org
bhauss@aclu.org

3

ebhandari@aclu.org
* Admitted pro hac vice
Kyle W. Wislocky (#393492)
Jacob F. Siegel (#399615)
**CIRESI CONLIN LLP**
225 S. 6th St., Suite 4000
Minneapolis, MN 55402
Tel: (612) 361-8233
kww@ciresiconlin.com
jfs@ciresiconlin.com

Robert J. Gilbertson (#22361X)
Caitlinrose H. Fisher (#398358)
Virginia R. McCalmont (#402214)
Jackson C. Evert (#402214)
Rebecca Rogers (#403827)
**FORSGREN FISHER MCCALMONT
DEMAREA TYSVER LLP**
225 South Sixth Street
Suite 1500
Minneapolis, MN 55402
Tel: (612)-474-3310
bgilbertson@forsgrenfisher.com
cfisher@forsgrenfisher.com
vmccalmont@forsgrenfisher.com
jevert@forsgrenfisher.com
rrogers@forsgrenfisher.com

Kevin C. Riach (#389277)
**THE LAW OFFICE OF KEVIN C. RIACH**
125 Main St. SE, Suite 339
Minneapolis, MN 55414
(612) 203-8555
kevin@riachdefense.com

Leah C. Janus (#0337365)
Pari I. McGarraugh (#0395524)
Panhia Vang (#0399444)
Megan M. Helstrom (#0403441)
Ayesha Mitha (#504462)
**FREDRIKSON & BYRON, P.A.**
60 South Sixth Street, Suite 1500
Minneapolis, MN 55402

4

Telephone: (612) 492-7000
ljanus@fredlaw.com
pmcgarraugh@fredlaw.com
pvang@fredlaw.com
mhelstrom@fredlaw.com
amitha@fredlaw.com

***ATTORNEYS FOR PLAINTIFFS***