UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

SUSAN TINCHER, JOHN BIESTMAN,
JANET LEE, LUCIA WEBB,
ABDIKADIR NOOR, and ALAN
CRENSHAW, *on behalf of themselves and
Other similarly situated individuals,*

          Plaintiffs,

v.

MARKWAYNE MULLIN, Secretary, U.S.
Department of Homeland Security (DHS)[1];
TODD LYONS, Acting Director, U.S.
Immigration and Customs Enforcement
(ICE); MARCOS CHARLES, Acting
Executive Associate Director,
Enforcement and Removal Operations
(ERO), ICE; DAVID EASTERWOOD,
Acting Field Office Director, ERO, ICE
Saint Paul Field Office; JOHN A.
CONDON, Acting Executive Associate
Director, Homeland Security
Investigations (HIS); The Department of
Homeland Security; Unidentified Federal
Agencies; and Unidentified Federal
Agents; *in their official capacities,*

          Defendants.

Case No. 25-cv-04669-KMM-DTS

**DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION TO
DISSOLVE THE PRELIMINARY
INJUNCTION**

_____

---

[1] The First Amended Complaint names as a Defendant Kristi Noem in her official capacity as then-Secretary of Homeland Security. Under Federal Rule of Civil Procedure 25(d), Markwayne Mullin, current Secretary of Homeland Security, is automatically substituted as a Defendant.

Defendants hereby oppose Plaintiffs' Motion to Dissolve the Preliminary Injunction, ECF No. 276 ("Mot.").

Plaintiffs previously moved this Court for an indicative ruling that this Court would dissolve the preliminary injunction if the Eighth Circuit remanded for that purpose. *See* Pls.' Mot. For Indicative Ruling Pursuant to Fed. R. Civ. P. 62.1, ECF No. 237. Defendants opposed, arguing in part that the preliminary injunction remained in effect and continued to constrain Defendants' behavior. *See* Defs.' Opp'n to Pls.' Mot. for Indicative Ruling, ECF No. 245, at 3-6 ("Indicative Ruling Opp'n"). This Court then granted the motion for indicative ruling and entered a ruling "indicat[ing] that it would grant a motion to dissolve the January 16, 2026 Preliminary Injunction (Dkt. 85) as moot if the Court of Appeals remands for that purpose." Order, ECF No. 246, at 9. In so ruling, this Court stated that "[t]he Injunction was expressly tied to the ongoing nature of OMS [i.e., Operation Metro Surge]; now that OMS has concluded, the Injunction can no longer be effective." *Id.* at 7. Following this Court's ruling, the Eighth Circuit entered an order remanding the appeal of the preliminary injunction "to the district court for the limited purpose of allowing the district court to rule on Plaintiff's [sic] motion to dissolve the preliminary injunction." Order, *Tincher v. Noem*, No. 26-1105 (8th Cir. Mar. 12, 2026). Following that order, Plaintiffs moved in this Court to dissolve the preliminary injunction. *See* Mot.

Defendants continue to oppose Plaintiffs' motion to dissolve the injunction for the reasons set forth in Defendants' Indicative Ruling Opp'n. As explained therein, the preliminary injunction is not moot. Nearly 500 Department of Homeland Security (DHS)

officers remain on detail in the Twin Cities metro area and their "respon[ses] to protests that arise in response to Operation Metro Surge" would be restrained by the preliminary injunction. Order, ECF No. 85, at 81; Second Declaration of David Easterwood ¶ 9, ECF No. 255. Similarly, their responses to people recording, observing, and/or protesting DHS's "related operations" would be restrained by the Court's order. *Id.* Thus, the preliminary injunction, had it not been stayed by the Eighth Circuit, would continue to restrict those detailed officers.

Defendants acknowledge that the Court has concluded otherwise in its Order granting Plaintiffs' motion for an indicative ruling and found that the preliminary injunction has no continuing effect. Based on that finding, should the Court grant Plaintiffs' motion to dissolve the preliminary injunction, Defendants request that any such dissolution be with prejudice to Plaintiffs seeking another preliminary injunction based on conduct that occurred on or before February 12, 2026, when the government announced the end of Operation Metro Surge.

During the meet and confer with Plaintiffs' counsel, Plaintiffs' counsel indicated they would not be seeking dismissal of the preliminary injunction *with* prejudice since they maintained the view that Plaintiffs would be free to move for another preliminary injunction as soon as the Court dissolved the existing one.

Plaintiffs' counsel's representations underscore Defendants' concerns that by seeking to dissolve the existing preliminary injunction with the potential to then seek another, even broader preliminary injunction, Plaintiffs are engaged in procedural gamesmanship to prevent Defendants from obtaining appellate review of the injunction.

2

*See* Indicative Ruling Opp'n 6-8.  Plaintiffs should not be permitted to seek seriatim preliminary injunctions only to move to vacate their own injunctions after the Eighth Circuit has signaled that Plaintiffs are likely to lose on appeal.  If another preliminary injunction motion from Plaintiffs is imaginable as soon as tomorrow, and Plaintiffs expressly assert the right to seek such an injunction, then Defendants retain a stake in their appeal of the existing injunction, and Defendants should be allowed to pursue that appeal.  Thus, if the Court dissolves the existing preliminary injunction, it should do so with prejudice, so as to definitively eliminate Plaintiffs' threat of repeated preliminary injunction motions practice.

## CONCLUSION

The Court should deny Plaintiffs' Motion.  If the Court grants the Motion and enters an order dissolving the preliminary injunction, such dissolution should be with prejudice to Plaintiffs seeking another preliminary injunction based on conduct that occurred on or before February 12, 2026.

Dated: March 27, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ANDREW WARDEN
Assistant Director
Federal Programs Branch

 */s/ Jeremy S.B. Newman*
JEREMY NEWMAN
KATHLEEN C. JACOBS
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Telephone: (202) 532-3114
Fax: (202) 616-8470
jeremy.s.newman@usdoj.gov

*Counsel for Defendants*

4