UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| SUSAN TINCHER, JOHN BIESTMAN, JANET LEE, LUCIA WEBB, ABDIKADIR NOOR, ALAN CRENSHAW, ABIGAIL SALM, RYAN DOXSEY, MARGARET WOOD, THE NEWSGUILD-COMMUNICATIONS WORKERS OF AMERICA, and STATUS COUP NEWS, on behalf of themselves and other similarly situated individuals, <br><br> *Plaintiffs*, <br><br> v. <br><br> MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security (DHS); TODD LYONS, Acting Director, U.S. Immigration and Customs Enforcement (ICE); MARCOS CHARLES, Acting Executive Associate Director, Enforcement and Removal Operations (ERO), ICE; DAVID EASTERWOOD, Acting Field Office Director, ERO, ICE Saint Paul Field Office; RODNEY SCOTT, Commissioner, U.S. Customs and Border Protection (CBP); GREGORY BOVINO, Chief Border Patrol Agent, CBP; JOHN A. CONDON, Acting Executive Associate Director, Homeland Security Investigations (HSI); THOMAS HOMAN, DHS Executive Assistant Director of Enforcement and Removal; The Department of Homeland Security; Unidentified Federal Agencies; and Unidentified Federal Agents; in their official capacities, <br><br> *Defendants*. | No. 25-cv-4669 (KMM/DTS) <br><br><br><br> **UNOPPOSED MOTION OF FORMER EMPLOYEES OF THE SPECIAL LITIGATION SECTION OF THE CIVIL RIGHTS DIVISION OF THE U.S. DEPARTMENT OF JUSTICE TO FILE MEMORANDUM AS *AMICUS CURIAE* IN SUPPORT OF PLAINTIFFS AND IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS** |

Former employees of the Special Litigation Section of the Civil Rights Division of the U.S. Department of Justice respectfully move to file the attached memorandum of *amicus curiae* in support of Plaintiffs and in opposition to Defendants' motion to dismiss. Proposed amici seek to file this memorandum to provide a unique perspective on the issues presented in this case concerning whether Defendants violated the First Amendment rights of observers, journalists, and protesters during immigration enforcement operations in Minnesota. Proposed amici's participation will aid the Court in resolving the arguments without prejudicing or delaying the litigation. Proposed amici have conferred with all parties, who have stated that they consent to proposed amici's motion.

## I.      Identity and interest of proposed amici curiae.

Proposed amici are 39 former career civil servants who worked in the Special Litigation Section of the Civil Rights Division of the U.S. Department of Justice. The Special Litigation Section has primary responsibility for, among other things, enforcing the Violent Crime Control and Law Enforcement Act of 1994, 34 U.S.C. § 12601, which authorizes the Attorney General to seek equitable and declaratory relief to eliminate a pattern or practice of illegal conduct by law enforcement agencies. Proposed amici have occupied various roles within the Special Litigation Section, including serving as investigators, attorneys, deputy chiefs, and chief. Amici have also worked across nine presidential administrations, Republican and Democratic alike and devoted a cumulative 390 years to enforcing this and other federal civil rights statutes. Proposed amici seek to file this memorandum to draw the Court's attention to previous analogous matters in which the United States has found that local law enforcement agencies have engaged in patterns

1

or practices of unconstitutional activity that violate the First Amendment rights of protesters and others whom they police and to explain that federal law enforcement agencies are subject to the same constitutional standards as any other.

## II.     Granting the motion to appear as amici curiae would assist the Court's consideration of the motion to dismiss without delaying the litigation.

The Court should exercise its broad discretion to allow proposed amici to file their memorandum.  "There is no specific procedural rule governing the submission of amicus briefs in the federal district courts.  However, district courts in this Circuit consider the decision whether to grant or deny leave to be within their broad discretion."  ECF No. 45 at 1; *accord Pavek v. Simon*, No. 19-cv-3000 (SRN/DTS), 2020 WL 1467008, at \*2 (D. Minn. Mar. 26, 2020).  "[C]ourts making that determination often look to the standards established by Federal Rule of Appellate Procedure 29."  ECF No. 45 at 1; *accord United States ex rel. Johnson v. Golden Gate Nat'l Senior Care, LLC*, No. 08-cv-1198 (DWF/HB), 2016 WL 11031222, at \*2 (D. Minn. June 1, 2016).  Under Rule 29, non-governmental amici may file an amicus brief "by leave of court or if the brief states that all parties have consented to its filing."  Fed. R. App. P. 29(a)(2).

A motion for leave under Rule 29 must set forth "the movant's interest" and "the reason why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the case," Fed. R. App. P. 29(a)(3)(A)–(B), as proposed amici have done, *see* Part I, *supra*.  The Rule further provides that any amicus brief must be no more than one-half the maximum length authorized for a party's principal brief.  Fed. R. App. P. 29(a)(5).  Under the Local Rules, the maximum length for Plaintiffs' opposition to

2

Defendants' motion to dismiss is 12,000 words.  LR 7.1(f)(1)(A).  At 5,219 words in length, the proposed memorandum of *amicus curiae* complies with that limitation.

Proposed amici also file this motion in a manner that will provide timely and useful information and not unduly delay the proceedings.  Proposed amici attach their proposed memorandum to this motion and do so at a stage when the parties' motion to dismiss briefing is ongoing.  This timing will allow Defendants sufficient time to respond to proposed amici's memorandum, while also providing the Court ample time to review the proposed memorandum prior to resolving the motion or holding oral argument.

For all the foregoing reasons, proposed amici respectfully request that the Court grant their motion to file the attached memorandum of *amicus curiae*.  A proposed order is also filed separately with regards to this motion.

Dated: April 6, 2026

Respectfully submitted,

By: /s/ *Bradford Colbert*
Bradford Colbert (#166790)
MITCHELL HAMLINE SCHOOL OF LAW
875 Summit Ave.
St. Paul, MN 55105
Tel: (651) 290-8651
brad.colbert@mitchellhamline.edu

By: /s/ *Dana Paikowsky*
Dana Paikowsky
Renata O'Donnell
Robyn K. Bitner
Nithin Venkatraman
CAMPAIGN LEGAL CENTER
1101 14th St. NW, Suite 400
Washington, DC 20005
Tel: (202) 736-2200
dpaikowsky@campaignlegalcenter.org
rodonnell@campaignlegalcenter.org
rbitner@campaignlegalcenter.org
nvenkatraman@campaignlegalcenter.org

By: /s/ *Seth Wayne*
Seth Wayne
Jonathan L. Backer
Mary B. McCord
INSTITUTE FOR CONSTITUTIONAL ADVOCACY
AND PROTECTION
Georgetown University Law Center
600 New Jersey Ave. NW
Washington, DC 20001
Tel: (415) 516-4939
Email: sw1098@georgetown.edu

*Counsel for Amicus Curiae Former
Employees of the Special Litigation Section of
the Civil Rights Division of the U.S.
Department of Justice*

4