UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

SUSAN TINCHER, JOHN BIESTMAN, JANET LEE, LUCIA WEBB, ABDIKADIR NOOR, ALAN CRENSHAW, ABIGAIL SALM, RYAN DOXSEY, MARGARET WOOD, THE NEWSGUILD-COMMUNICATIONS WORKERS OF AMERICA, and STATUS COUP NEWS, o*n behalf of themselves and other similarly situated individuals*,

        Plaintiffs,

v.

MARKWAYNE MULLIN**,** Secretary, U.S. Department of Homeland Security (DHS); TODD LYONS, Acting Director, U.S. Immigration and Customs Enforcement (ICE); MARCOS CHARLES, Acting Executive Associate Director, Enforcement and Removal Operations (ERO), ICE; DAVID EASTERWOOD, Acting Field Office Director, ERO, ICE Saint Paul Field Office; RODNEY SCOTT, Commissioner, U.S. Customs and Border Protection (CBP); GREGORY BOVINO, Chief Border Patrol Agent, CBP; JOHN A. CONDON, Acting Executive Associate Director, Homeland Security Investigations (HSI); THOMAS HOMAN, DHS Executive Assistant Director of Enforcement and Removal; The Department of Homeland Security; Unidentified Federal Agencies; and Unidentified Federal Agents; *in their official capacities*,

        Defendants.

No. 25-CV-4669 (KMM/DTS)

**PLAINTIFFS' SUPPLEMENTAL BRIEF IN OPPOSITION TO MOTION TO DISMISS**

**INTRODUCTION**

Standing to sue should be assessed as of when a party first files his or her claims. Not only does Supreme Court and Eighth Circuit precedent confirm this temporal analysis, but even Defendants have recognized this correct legal standard, asserting back in January 2026 that "events that happened after the Complaint was filed . . . *cannot be considered for standing purposes at all.*" (ECF No. 48 at 2[1] (emphasis added) (citing *Park v. Forest Serv. of the U.S.*, 205 F.3d 1034, 1037 (8th Cir. 2000).) Defendants' prior concession is correct, even if it now proves inconvenient to their current attempt to avoid all judicial review of their conduct.

This general time-of-filing rule operates with more nuance here, since there is both an Initial Complaint (ECF No. 1), and an Amended Complaint (ECF No. 136). The Court has requested supplemental briefing on whether Plaintiffs' standing in this case should "be assessed based upon the filing date of the original Complaint (12/17/25), the filing date of the Amended Complaint (2/13/26), a mixture of the two, or another date entirely." (ECF No. 339.) Plaintiffs respectfully suggest that it should be a mixture of the two filing dates. Plaintiffs Susan Tincher, John Biestman, Janet Lee, Lucia Webb, Abdikadir Noor, and Alan Crenshaw ("Initial Plaintiffs") filed suit on December 17, 2025, and that is the date by which their standing should be assessed. Plaintiffs Abigail Salm, Ryan Doxsey, Margaret Wood, The Newsguild-Communication Workers of America, and Status Coup News ("Additional Plaintiffs"), first filed claims

---

[1] Unless stated otherwise, page references are to the ECF pagination.

on February 13, 2026, via the Amended Complaint. This latter date should be the operative one for measuring the Additional Plaintiffs' standing.

## ARGUMENT

The general rule is that standing is measured as of the date a lawsuit is filed. The Amended Complaint in this case changes the temporal analysis only to the extent that it included new plaintiffs who must establish their own standing as of the date they filed suit. Even if the latter February 13, 2026, date applied to all the Plaintiffs, however, Plaintiffs have sufficiently alleged standing, and Defendants' bid for a Rule 12(b)(1) dismissal should be rejected.[2]

I. **Standing for the Initial Plaintiffs should be measured as of December 17, 2025, the date of the Initial Complaint.**

    A. **Both the Supreme Court and the Eighth Circuit have adopted the time-of-filing standing rule.**

Nearly 200 years ago, Chief Justice John Marshall remarked that "jurisdiction depends on the state of the parties at the commencement of the suit." *Conolly v. Taylor*, 27 U.S. 556, 565 (1829). That principle remains as true today as it was in 1829. Plaintiffs accordingly maintain—as they did in their Opposition Brief—that standing

---

[2] Mindful of the Court's limitation on this supplemental brief, Plaintiffs do not here delve into the allegations that establish standing on both dates. Those issues are addressed in Plaintiffs' Brief in Opposition to Defendants' Motion to Dismiss, ECF No. 294 (hereinafter "Opposition Brief"). Plaintiffs note that in many respects, however, the Initial Plaintiffs have an even *stronger* factual basis for standing as of February 13, 2026, since many had multiple encounters with Defendants' agents between December 17, 2025, and February 13, 2026. (*See generally* ECF No. 53-2 (Second Crenshaw Decl.), ECF No. 102 (Second Webb Decl.), ECF No. 105 (Third Webb Decl.), ECF No. 314 (Second Tincher Decl.).)

for the initial parties to a case should be determined as of the date that a lawsuit is first filed. (*See* ECF No. 294 at 21–22 (collecting case and treatise citations).)

The standing-as-of-filing requirement derives from multiple Supreme Court opinions. The Supreme Court has repeatedly asked "whether the party invoking jurisdiction had the requisite stake in the outcome *when the suit was filed.*" *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 734 (2008) (emphasis added); *see also, e.g.*, *Gutierrez v. Saenz*, 606 U.S. 305, 317–18 (2025) (explaining that appellate court failed to assess standing based on the complaint"); *Friends of the Earth, Inc. v. Laidlaw Env't Servs., Inc.*, 528 U.S. 167, 184 (2000) (analyzing standing at the "time the complaint was filed"); *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 570 n.5 (1992) ("[S]tanding is to be determined as of the commencement of the suit.").

Take *Davis v. Federal Election Commission*, as an example. There, the Supreme Court reviewed a summary judgment order concerning election campaign contribution requirements. 554 U.S. at 732. By the time the lower court ruled on summary judgment, the election at issue had already occurred. *Id.* Rather than analyzing whether the plaintiff had standing to seek prospective injunctive relief at the time of summary judgment or appeal, the Supreme Court analyzed whether the plaintiff "faced the requisite injury . . . *when he filed suit.*" *Id.* at 735 (emphasis added). The answer was yes. *See id.* at 734–35. The fact that the election had already occurred by the time of the appeal was relevant to mootness—not standing. *Id.* at 735.

Consistent with this longstanding line of Supreme Court opinions, the Eighth

Circuit similarly assesses standing at the time the action commences. *See, e.g.,*

*McNaught v. Nolen*, 76 F.4th 764, 769 (8th Cir. 2023) ("[S]tanding is assessed at the

time the action commences." (internal quotation marks omitted)); *Park,*

205 F.3d at 1037 (concluding that an injury-in-fact cannot depend on post-

commencement factual developments).[3] *Park* is a probative example. There, the Court

concluded that the plaintiff may "have standing to seek injunctive relief . . . today"

based on the post-complaint evidence but nonetheless had not sufficiently shown that

"at the *commencement of the litigation,* there was a significant probability" that the

to-be-enjoined conduct would recur. 205 F.3d at 1040. For that reason, the Eighth

Circuit reversed a summary-judgment order and vacated an injunction. *Id. Park* is

---

[3] This temporal time-of-filing analysis is also the uniform rule throughout the circuits. *See, e.g., K.J. by and through Johnson v. Jackson*, 127 F.4th 1239, 1251–54 (9th Cir. 2025) (concluding that district court "confused Article III's standing and mootness requirements" in a case involving prospective injunctive relief and prospective remedy of expungement); *Rio Grande Found. v. Oliver*, 57 F.4th 1157, 1162 (10th Cir. 2023) ("Regardless of the stage of litigation at which the court evaluates standing, the standing inquiry remains focused on whether the party invoking jurisdiction had a sufficient stake in the outcome when the suit was filed."); *Gen. Land Off. v. Biden*, 71 F.4th 264, 272 n.12 (5th Cir. 2023) (declining to consider post-filing developments for standing analysis); *Students for Fair Admissions, Inc. v. President and Fellows of Harvard Coll.*, 980 F.3d 157, 184 n.22 (1st Cir. 2020) (declining to consider post-suit amended bylaws for standing analysis), *aff'd as to standing and rev'd on other grounds*, 500 U.S. 181 (2023); *6th Cong. Dist. Republican Comm. v. Alcorn*, 913 F.3d 393, 405–06 (4th Cir. 2019) (concluding that plaintiff "suffered an injury in fact at the time the lawsuit was filed," and addressing post-complaint developments as a question of mootness); *Chevron Corp. v. Donziger*, 833 F.3d 74, 121 (2d Cir. 2016) (explaining that "none of the supposedly curative decisions" had "yet been rendered" when plaintiff "commenced the present action").

unambiguous that standing cannot turn on post-complaint developments. Even Defendants previously took the position that *Park* requires that standing be assessed as of the factual landscape at the time of filing. (ECF No. 48 at 2.)

**B.      The Amended Complaint does not change the time-of-filing rule for the Initial Plaintiffs.**

The question then, is whether the filing of the Amended Complaint changes the operative date for assessing standing. Plaintiffs respectfully suggest that the answer is no. The Supreme Court has analyzed standing as of when the case commenced in a case involving an amended complaint. *See Carney v. Adams*, 592 U.S. 53, 59–60 (2020); *see also id.* at 63 (stating that plaintiff lacked standing "at the time he commenced the lawsuit"). In *Carney*, the amended pleading was even filed for the specific purpose of curing a standing challenge raised in a motion to dismiss. *Id.* at 56.

Maintaining a time-of-filing focus is also consistent with the Eighth Circuit's reasoning in *Park* and the persuasive analysis of other appellate courts. The Eighth Circuit was unequivocal in *Park* that the plaintiff needed standing to seek prospective injunctive relief as of when she "filed her suit" in 1996. *Park*, 205 F.3d at 1037. Events that post-dated 1996 and pre-dated the 2000 appeal strengthened the plaintiffs' standing argument, but the Eighth Circuit refused to consider "evidence of what happened after the commencement of the suit" to assess standing. *Id.* Although *Park* did not involve an amended pleading, the Court notably did not remand for the plaintiff to file an amended or supplemental complaint to cure the standing pleading issue. *See* Fed. R. Civ. P. 15(a)(2) (stating that leave to amend "should freely" be given

"when justice so requires"); Fed. R. Civ. P. 15(d) (stating that leave to supplement may be granted "on just terms," even if the "pleading is defective in stating a claim or defense"). Instead, the Court reversed summary judgment and vacated the injunction, suggesting that the standing defect could not be cured by filing an amended complaint because that would not trigger an entirely new date for assessing standing. Consistent with *Park*, courts in this District have continued to invoke the time-of-filing rule even in cases involving amended pleadings, although admittedly district courts in the Eighth Circuit have not been consistent in their approach. *See, e.g.*, *Rouse v. H.B. Fuller Co.*, No. 22-CV-2173 (JMB/JFD), 2025 WL 2530729, at *2 (D. Minn. June 20, 2025) (asserting time-of-filing rule in case involving amended pleading); *Boitnott v. Border Foods, Inc.*, 361 F.Supp.3d 858, 864 (D. Minn. 2019) (discussing potentially inconsistent approaches and analyzing standing "based on the facts as they existed when the original complaint was filed").

Other appellate courts have likewise held that standing should be assessed as of when suit is filed in cases with amended pleadings. The Tenth Circuit summarized the interplay between assessing standing and amended pleadings as follows:

> Where, as here, the original complaint has been superceded [sic] by an amended complaint, we examine the amended complaint in assessing a plaintiff's claims, including the allegations in support of standing. Nevertheless, standing is determined at the time the action is brought and we generally look to when the complaint was first filed, not to subsequent events to determine if a plaintiff has standing. Accordingly, the initial standing of the original plaintiff is assessed at the time of the original complaint, even if the complaint is later amended.

*S. Utah Wilderness All. v. Palma*, 707 F.3d 1143, 1152–53 (10th Cir. 2013) (cleaned up); *see also Patton v. Fitzhugh*, 131 F.4th 383, 392 (6th Cir. 2025) (collecting cases and adopting similar analysis).

A time-of-filing rule makes sense. Under Rule 15(c), an amended complaint relates back to an earlier one when the amendment "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out . . . in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). Plaintiffs' Amended Complaint—which includes nearly identical allegations specifically related to the Initial Plaintiffs as are in the Initial Complaint—relates back to the Initial Complaint. (*Compare* ECF No. 1 at 36–42, *with* ECF No. 136 at 59–76.) Moreover, courts consistently hold that standing defects cannot be cured by amended pleadings. *See, e.g.*, *Fox v. Saginaw Cnty., Mich.*, 67 F.4th 284, 295 (6th Cir. 2023) ("[A] plaintiff who lacks standing from the start cannot rely on factual changes during the suit to establish it."); *Paradise Creations, Inc. v. UV Sales, Inc.*, 315 F.3d 1304, 1306–07, 1310 (Fed. Cir. 2003) (concluding that plaintiff could not cure standing defect through amended complaint).[4] The flip side of that general rule is that, "if a plaintiff possesses standing from the start, later factual

---

[4] There appear to be exceptions to the general rule that standing defects cannot be cured by amended pleadings. These exceptions are grounded in procedural rules that do not apply to the Initial Plaintiffs. *See, e.g.*, *Fund Liquidation Holdings LLC v. Bank of Am. Corp.*, 991 F.3d 370, 388–90 (2d Cir. 2021) (discussing joinder of real party in interest). Some Circuits have also held that a standing issue is the sort of "defect[] in stating a claim or defense" that can be cured with a supplemental pleading, *see* Fed. R. Civ. P. 15(d), although there is a circuit split on whether doing so is permissible. *See Scahill v. Dist. of Columbia*, 909 F.3d 1177, 1183–84 (D.C. Cir. 2018) (collecting cases and discussing circuit split).

changes cannot deprive the plaintiff of standing." *Fox*, 67 F.4th at 295. Concluding otherwise would be both inconsistent with Rule 15(c) and fundamentally unfair. It would place some plaintiffs in a Catch-22 whereby they could not amend to include additional relevant allegations to defeat a potential Rule 12(b)(6) motion without risking divesting the court of jurisdiction and drawing a Rule 12(b)(1) motion based on post-complaint developments.

That is not to say that the Amended Complaint plays no role in the Court's standing analysis for the Initial Plaintiffs. The Court should look to the allegations in the Amended Complaint to determine whether that operative pleading "sufficiently alleges facts demonstrating that [the Initial Plaintiffs] had standing when [they] first filed suit." *See Patton*, 131 F.4th at 392; *cf. Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 35–39 (2025) (explaining that courts look to the amended complaint to determine the "substance of the suit," including the claims and parties in a case); *see also* ECF 294 at 22 n.13 (discussing *Royal Canin*'s applicability to standing analysis). The Amended Complaint more than sufficiently alleges facts demonstrating that the Initial Plaintiffs had standing as of December 17, 2025, as Plaintiffs explained in the Opposition Brief. (ECF No. 294 at 23–31.)

**II.    Standing for the Additional Plaintiffs should be measured as of February 13, 2026, the date on which they first appeared as parties.**

The Additional Plaintiffs are in a different category. Standing is an individualized inquiry, and a plaintiff must be injured "in a personal and individual way." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016) (quoting *Lujan*, 405 U.S.

at 560 n.1). The Additional Plaintiffs accordingly cannot rest on the standing of the Initial Plaintiffs—their standing should be assessed separately.

The lawsuit commenced for the Additional Plaintiffs on February 13, 2026. This was the date that the Additional Plaintiffs first appeared in the lawsuit. Where, as here, a plaintiff first joins suit in an amended pleading, the Supreme Court looks to the state of things at the time of the amended pleading to assess standing. This is what the Supreme Court recently did in *Murthy v. Missouri*, 603 U.S. 43, 72 n.10 (2024). It is also what the Supreme Court did in *County of Riverside v. McLaughlin*, 500 U.S. 44 (1991), where three plaintiffs joined an ongoing lawsuit though a second amended complaint. *Id.* at 51; *see also Lynch v. Leis*, 382 F.3d 642, 647 (6th Cir. 2004) (discussing standing analysis in *County of Riverside*).

## CONCLUSION

For these reasons, and as further stated in Plaintiffs' Opposition Brief, Plaintiffs ask that the Court assess standing for the Initial Plaintiffs as of the filing of the Initial Complaint on December 17, 2025, and assess standing as to the Additional Plaintiffs as of the filing of the Amended Complaint on February 13, 2026. Even if February 13 were the date that applied to all parties, however, all Plaintiffs would still have standing to sue, given the state of affairs on that date and their ongoing injuries.

Dated: May 20, 2026

**AMERICAN CIVIL LIBERTIES UNION OF MINNESOTA**

Teresa Nelson (#269736)
Catherine Ahlin-Halverson (#350473)
Alicia Granse (#400771)
P.O. Box 14720
Minneapolis, MN 55414
(651) 529-1692
tnelson@aclu-mn.org
cahlin@aclu-mn.org
agranse@aclu-mn.org

**AMERICAN CIVIL LIBERTIES UNION FOUNDATION**

Esha Bhandari (NY #4923140),
*pro hac vice*
Brian Hauss (NY #5437751),
*pro hac vice*
Scarlet Kim (NY #5025952),
*pro hac vice*
Kenneth Sexauer (NY #327964),
*pro hac vice*
125 Broad Street, Floor 18
New York, NY 10004
(212) 549-2500
ebhandari@aclu.org
bhauss@aclu.org
scarletk@aclu.org
ksexauer@aclu.org

*/s/Caitlinrose H. Fisher*

**FORSGREN FISHER McCALMONT DeMAREA TYSVER LLP**

Robert J. Gilbertson (#22361X)
Caitlinrose H. Fisher (#398358)
Virginia R. McCalmont (#399496)
Jackson C. Evert (#402214)
Rebecca R. Rogers (#403827)
1500 Capella Tower
225 South Sixth Street
Minneapolis, MN 55402
Telephone: (612) 474-3300
bgilbertson@forsgrenfisher.com
cfisher@forsgrenfisher.com
vmccalmont@forsgrenfisher.com
jevert@forsgrenfisher.com
rrogers@forsgrenfisher.com

**THE LAW OFFICE OF KEVIN C. RIACH**

Kevin C. Riach (#389277)
125 Main St. SE, Suite 339
Minneapolis, MN 55414
(612) 203-8555
kevin@riachdefense.com

**CIRESI CONLIN LLP**

Kyle W. Wislocky (#393492)
Jacob F. Siegel (#399615)
225 S. 6th St., Suite 4600
Minneapolis, MN 55402
(612) 361-8233
kww@ciresiconlin.com
jfs@ciresiconlin.com

*Attorneys for Plaintiffs and the Proposed Class*

11

12

**FREDRIKSON & BYRON, P.A.**
Leah C. Janus (#0337365)
Pari I. McGarraugh (#0395524)
Panhia Vang (#0399444)
Megan M. Helstrom (#0403441)
Ayesha Mitha (#504462)
60 South Sixth Street, Suite 1500
Minneapolis, MN 55402
Telephone: (612) 492-7000
ljanus@fredlaw.com
pmcgarraugh@fredlaw.com
pvang@fredlaw.com
mhelstrom@fredlaw.com
amitha@fredlaw.com

*Attorneys for the Individual Plaintiffs*